STATE OF IOWA, Appellee, v. JOHN HEMM, Appellant.

| 82 | 609! |
| 84 | 180 |
| 82 | 609! |
| 86 | 123 |
| 82 | 609 |
| 89 | 141 |
| 82 | 609 |
| 97 | 443 |
| 82 | 609 |
| 106 | 128 |
| 82 | 609 |
| 108 | 688 |
| 82 | 609 |
| 121 | 115 |

1. **Indictment : SEDUCTION : CONSTRUCTION OF THE WORD " FEMALE."** An indictment charging one with having seduced, debauched and carnally known one S., "an unmarried female of previous chaste character," sufficiently describes the offense described in the statute punishing the seduction of " an unmarried woman."

2. **Seduction : CHASTITY : PRESUMPTION : EVIDENCE.** In a prosecution for the crime of seduction the question of the sufficiency of evidence to overcome the presumption existing in favor of the chastity of the prosecutrix is one of fact for the jury, and not one of law for the court.

3. **——— : ——— : INSTRUCTION.** An instruction that it was the right of the state to introduce evidence of the general reputation of the prosecutrix for chastity, as rebutting the testimony upon that question offered by the defendant, *held* to have been properly refused.

4. **——— : ——— : ———.** Where the defendant relies upon the want of chastity of the prosecutrix as a defense to a prosecution for seduction he must prove such fact by a preponderance of the evidence ; he will not be entitled to an acquittal if the chastity of the prosecutrix is left in doubt.

5. **——— : PROOF OF HABITS AT REMOTE PERIOD.** The prosecutrix being about seventeen years of age at the time of her seduction, *held*, that evidence of her use of profane and vulgar language when of the age of fourteen years, was properly excluded, though her use of such language was shown to continue down to the time of the seduction.

6. **——— : ARTIFICE : MISREPRESENTATION.** A man who persuades an unmarried woman of previous chaste character to have sexual intercourse with him upon the representation that there is nothing wrong in the act, and that no one will find it out, and the woman, in consequence, becomes a mother, is guilty of the crime of seduction.

VOL. 82—39

7. ——— : ———: INSTRUCTION. An instruction that if the defendant and the prosecutrix were engaged to be married, and the latter did not doubt, nor have reason to doubt, that the defendant was going to marry her, and they mutually agreed to have sexual intercourse, then the promise to marry would not be sufficient of itself to constitute seduction, *held*, to have been properly refused as misleading to the jury.

*Appeal from Davis District Court.*—HON. CHARLES D. LEGGETT, Judge.

SATURDAY, MAY 23, 1891.

INDICTMENT for seduction. Verdict of guilty, and a judgment thereon, from which the defendant appeals. *Affirmed.*

*Payne & Eichelberger*, for appellant.

*John Y. Stone*, Attorney General, and *Thos. A. Cheshire*, for the State.

GRANGER, J.—I. The indictment charges that the defendant "did * * * seduce, debauch and carnally know one Mary E. Starner, the said

1. INDICTMENT: seduction: construction of the word "female."

Mary E. Starner being then and there an unmarried female of previous chaste character," etc. The language of the statute is: "If any person seduce and debauch an unmarried woman," etc. It is urged that the indictment is defective because the offense is charged as committed against a "female" and not a "woman."

It is true that, comprehensively considered, the term "female" is generic, and includes a variety of species, while the word "woman" has a more limited signification, being of the human race. The two words, therefore, may have the same signification, depending on the subject considered and their relation thereto. "Seduction," in its criminal sense, relates to persons. It has no other known application. The term "female," in an indictment charging the crime of seduction as having been committed against her, would unmistakably indicate a woman. That would be its common

application. The statute provides that "the words used in the indictment must be construed in their usual acceptation in common language." Code, sec. 4303. Of course, in applying the statute, the connection in which the words are used is not to be disregarded. The statute, in providing what an indictment must contain, says: "*Second.* A statement of the facts * * * in such a manner as to enable a person of common understanding to know what is intended." Any person divesting himself of a desire for something wrong, and with a disinterested purpose, who reads the indictment in the light of a common understanding, will know that the term "female" used therein means a woman. The indictment further aids a person to know what is intended by the allegation that she is "unmarried," and that her name is "Mary E. Starner." Conceding, as urged in argument, that "the racing mare" has a name, and is unmarried, and we think the common understanding would not be led astray. It is said that an "unmarried female" and "an unmarried woman" are not equivalent terms. Possibly not, in a strictly technical sense, but to the practical common understanding they are of like meaning, and interchangeable. The term "married" or "unmarried" has no application to the brute creation. The alleged defect in the indictment could not affect a substantial right of the defendant, and we are told in the statute, in a case of this kind, to "examine the record * * * without regard to technical errors or defects, which do not affect the substantial rights of the parties."

II. The burden of the complaints in the case is directed in different ways to questions of law and fact

**2. SEDUCTION: chastity: presumption: evidence.** pertaining to the previous character of the prosecutrix for chastity. The defendant used several witnesses, who testified to particular acts and habits of the prosecuting witness, Mary E. Starner, showing that she was, to some extent at least, in the habit of using profane and vulgar, if not obscene, words and remarks, which we do not think it necessary to set out in the opinion. This evidence

is uncontradicted, and indicates strongly to us that she is, a person wanting in both culture and refinement. It is, insisted to us that the evidence, without contradiction, shows that she was not of previous chaste character. Without saying that no condition of the record, in such a case, would justify us in holding, as a matter of law, that the state was precluded from a conviction against the findings of a jury, we may say that the record in this case would certainly not justify it. It is by no means conclusive as against the presumptions of the law in her favor that she was not of unchaste character.

The appellant urges that after his evidence was introduced it changed the presumption of law so that the burden shifted to the state to furnish evidence to counteract or overcome its force. But we know of no rule by which the burden, in the progress of a trial, is thus changed, except, perhaps, in cases of fraud and the like, in civil proceedings, and we think, in this case, it was, after the evidence was introduced, a question of fact for the jury whether the presumption of the law in favor of the prosecutrix was overcome by the acts proved. The law does not definitely determine the facts or attributes essential to a chaste character within the meaning of the statute. Just the extent of profanity or obscenity in the use of language that would so fix the condition of mind and heart in a woman that the law would withdraw from her its protecting arms as against the seducer can be with better results, in the administration of the law, left as a question of fact for the jury than to an arbitrary measurement under legal rule by the court. It is said in *State v. Andre*, 5 Iowa, 389, that the jury are the sole judges, in each case, who come within the description, having said that the statute is for the protection of the "pure in mind; for the innocent in heart." It is further said, in the same case, that "no particular amount or degree of such manners or conversation can be set down as conclusive evidence of an unchaste character." To hold that because of a failure on the part of the state to introduce evidence to rebut that of the defendant on the question of chastity

a want of chastity is shown would be to hold that the facts shown by the defendant as to the conversation and manners of the prosecutrix are conclusive upon that question, which the rule long since announced forbids.

III. The defendant asked several instructions bearing on the question of the chaste character of the prosecutrix, all of which we cannot partic-
3. ——: ——:  ularly notice, nor need we to the extent of
instruction.  comment; but the following is one which it is said "surely embodies the law on that question." It is as follows: "The defendant has offered evidence, as he claims, of specific language and conduct on the part of the prosecutrix, which, he claims, show her to be of unchaste character at the time of the alleged seduction, and you are instructed that it was the right of the state to introduce evidence of the general reputation for chastity of Mary E. Starner, as rebutting the testimony offered by defendant."

Upon the issue of chastity the burden was with the defendant to show a want of i t. The appellant introduced evidence which, he says, established certain facts without dispute. Why should he complain that his facts were not questioned by evidence? He certainly had the full benefit of them if undisputed. The state had the right on that issue, with the burden on the defendant, to submit on the defendant's own evidence. Unless by law some consequences should or might follow the neglect to introduce evidence as to general reputation, it had no place in the court's instructions. The instruction asked fixes no consequences as a result of the neglect, and, had it been given, the jury would have been without a rule as to how the fact should affect its action. To our minds the effect of the instruction would have been to confuse or mislead the jury, and was properly refused. The instruction has no support in *State v. Prizer*, 49 Iowa. 534. The court's instructions so clearly cover the points presented in the other instructions asked and refused on this branch of the case that there was no error in their refusal.

IV. The defendant asked, and the court refused, the following instruction: "The law requires that the prosecuting witness shall have been of previously chaste character. If, on the whole evidence, you have a reasonable doubt as to whether or not the prosecuting witness was of previously chaste character, you will acquit." The court, on this subject, said to the jury: "On this subject you are instructed that the burden of proof rests upon defendant to show that Mary E. Starner's previous character for chastity was not good, and, unless he has done so by the preponderance or greater weight of the evidence, you should find that her character was good. But, if it has not been shown by a preponderance of the evidence that she was unchaste in character, you should find that she was pure and chaste in mind and character." Appellant, in arguing the question presented by the action of the court on the above instructions, makes no denial but that the court followed the rule as prescribed in this state. He, however, says: "We ask the court now to reconsider the rule as to the burden of proof in cases of seduction, and to follow reason rather than precedent." We think the rule, without a change, has the support of both reason and precedent; not, however, to the extent of being free from doubt, and we are aware that the rule of this state is not universal. It has been followed, so far as we know, with quite satisfactory results, excluding the offenders of the law, and we are without sufficient reason for changing the rule.

Another question is presented because of the above instructions given and refused by the court. It is insisted that at least the rule applicable to an *alibi* should apply to this class of cases, and the rule is said, in case of *alibi*, to be that, although the burden is on the defendant to establish the *alibi*, still the defendant is entitled to an instruction that if, upon the whole case there is a reasonable doubt of the guilt of the defendant, he must be acquitted. Without intimating what the rule in that class of cases should be in the particular suggested, we may say that a careful reading of the

*4. The same.*

cases leaves it very doubtful if such a rule should be understood therefrom. It is true that instructions, stating the rule as to an *alibi*, by imposing the burden on the defendant to show it, by a preponderance of evidence, and then stating that if, upon the whole evidence, there was a reasonable doubt, the jury should acquit, have been approved, because they involved no error against the defendant; but we have no recollection of the holding that the defendant was entitled to such an instruction. This court has, however, held, in such cases, that the burden of proof is with the defendant to establish his *alibi* by a preponderance of the evidence. *State v. Hamilton*, 57 Iowa, 596. Even though the rule should be as claimed, in cases of *alibi*, it does not follow that it should be in cases of seduction. To establish the *alibi* is to make it impossible that the defendant did the act constituting the crime. Hence, its establishment disproves the offensive act, and the evidence of the *alibi* is weighed against that designed to establish the offense. The evidence on both sides is, in effect, directed to one issue. Not so, however, with the question of chastity in a seduction case. The issue of previous chastity is entirely distinct from the act of seduction, and has reference alone to a previous condition. The state must prove the acts that would constitute seduction. To prove a want of previous chastity would not disprove the acts. The law presumes the chastity of the prosecutrix, but it does not presume, in cases of an *alibi*, the presence of the defendant at the commission of the crime. To make the cases necessarily alike, as to the rule contended for, the same presumptions and conditions should exist. The defense of a want of chastity is nearer akin to that of insanity, where the crime does not attach to the act because of an independent fact, a personal condition, against which the presumptions of law exist. The court's instruction complained of is in accord with this view, and correct, and as a consequence that asked was properly refused. See *State v. Wells*, 48 Iowa, 671, and cases cited.

V. The prosecutrix, at the time of the alleged seduction, was about seventeen years of age. The

<span style="font-size:smaller">5. ——: proof of habits at remote period.</span>

deposition of Caroline Anderson was taken, and shows that the prosecutrix worked for her at different times, and the last time, when she was about fourteen years of age. It shows that the prosecutrix would swear at times, and was in the habit of saying "smutty things." The circumstances of her use of language, barring a single instance, are not shown. The court excluded the deposition on the authority of *State v. Dunn*, 53 Iowa, 527. It is urged that this case is distinguishable in this, that the appellant proceeded to and did show that the same habits continued with the prosecutrix to the time of the seduction. It is true that the evidence does show the same habit of speech, continued to about the time of the seduction, and these facts are without dispute. The jury, in the light of such facts, failed to find that she was a woman of unchaste character, or perhaps better found that she was of chaste character. If such acts in later years were not such as to destroy her character for chastity, would the same acts in childhood have that effect? We think not, and that the rule in *State v. Dunn* supports the rulings of the court, and the jury should not have been allowed to consider her acts so early in life to override its conclusion that she was of chaste character from the facts surrounding her in later years.

VI. The court said to the jury that "the burden of proof rests upon the state to show that the defend-

<span style="font-size:smaller">6. ——: artifice: misrepresentation.</span>

ant caused or procured her to have such intercourse with him, and that he did so by promising to marry her, or by caressing and fondling her, or by representing that there was nothing wrong in the act, and that no one would find it out," and that if the defendant induced her to have intercourse with him by such means, and she was of previous chaste character, he was guilty. The complaint is as to the words, "or by representing that there was nothing wrong in the act, and that no one would ever

find it out." This is said to be a "new element" in seduction cases, and not an artifice or promise. Webster defines "artifice" in its bad sense, as "trick or fraud." By the act of intercourse in this case, the prosecutrix became a mother, and his representations were false. If she yielded because of his representations, it was a case of deception or fraud, for he was the means of her public exposure. His representations were no less than a promise that it would not be known, which he rendered false. See *State v. Prizer*, 49 Iowa, 534. But it is said that a woman of chaste character would not yield because of such representations. That was a question for the jury. The law does not determine that she would not.

VII. The following instruction was refused, of which the defendant complains: "If you should find that Mary E. Starner and John Hemm were engaged to be married and that she did not doubt, or have reason to doubt, that the defendant was going to marry her, and that the defendant proposed to her to have sexual intercourse, and she consented thereto, and the act was consummated, then you are instructed that the promise to marry is not sufficient of itself to constitute seduction." The refusal was right, if for no other reason, because it would have been misleading to the jury. The term "seduction" was, to us, evidently used with reference to the means employed to obtain intercourse; but that is not the sense in which the word is ordinarily understood in its use in criminal proceedings. The court, at the commencement of its instructions, said to the jury that the defendant was "charged with the crime of seduction," which meant that he was charged with having seduced and debauched an unmarried woman. The books abound with a similar use of the word. It is the name by which the offense of seducing and debauching is known, and it is seldom, if ever, that the seductive or inducing acts are designated as "seduction." It is only the scrutiny of a legal inquiry that would detect the meaning intended. The word is used

in the instruction as a noun, naming something, and apparently the offense charged. If we mistake the intent in using the word, and the offense or crime was intended, then it is sufficient to say that the instruction is clearly erroneous, for a promise to marry is never sufficient " ot itself," to constitute seduction.

There are no other questions that we deem it important to notice in the opinion, and the judgment is AFFIRMED.