THE STATE OF IOWA, Appellee, v. CLYDE JORDAN; Appellant.

1. **Criminal Law**: TIME TO PREPARE FOR TRIAL: WAIVER. Where the defendant in a criminal case, upon the day of his arraignment, asked that his trial be set down for a certain day in the future, and his request was granted, and on the day set he procured another postponement until the next day, with the mutual understanding that the case should then be tried, but on said next day it was discovered that he had not yet pleaded to the indictment, and his plea of not guilty was then entered, *held*, that the right, given by section 4419, of the Code, to take three days after pleading to prepare for trial was waived.

2. **Burglary**: DEGREES OF OFFENSE: INSTRUCTIONS TO JURY. Burglary of a dwelling house is of two degrees, the higher being breaking and entering in the nighttime with intent to commit a felony, and the lower, breaking and entering in the daytime. Accordingly, *held*, that when the defendant was charged with the higher degree, and the evidence showed a felonious breaking and entering at some time, the following instruction was warranted by section 4465 of the Code: "If you find that the defendant was guilty of breaking and entering the house of the said ―――― with the intent charged, but have a reasonable doubt whether such breaking and entering was done in the nighttime, then the defendant would not be guilty of the offense of burglary, but he would, under such circumstances, be guilty of the offense of breaking and entering in the daytime."

3. ――――: ――――: ――――. In such case it was not necessary to submit the question of entering in the nighttime without breaking, as one of the degrees of the offense, where the evidence showed that, if any offense was committed, it was done by breaking.

4. ――――: ――――: DANGEROUS WEAPON: INSTRUCTIONS TO JURY. The fact that the evidence showed that the defendant in such case was not armed with a dangerous weapon, though it was so charged in the indictment, did not make it necessary for the court to charge that he

might be found guilty of the lesser crime of breaking and entering in the daytime, or of entering in the nighttime without breaking, since the possession of a dangerous weapon is not a necessary element of the crime of burglary in the nighttime, and the absence of such weapon alone does not reduce the grade of the offense.

5. **Criminal Law:** EVIDENCE: PROCEDURE. The admission of evidence which is found to be immaterial, and is therefore stricken out, is no ground for reversal, where it could not in reason have been prejudicial, and the court directs the jury to disregard it.

6. ———: ———: CONFESSIONS: INSTRUCTIONS TO JURY. Statements, apparently voluntary, made by the defendant in the nature of a confession, are not incompetent; and where no objection is made to their admission, the court is not required to institute an inquiry out of the presence of the jury as to whether the statements were voluntary or not, but it is proper in such case to instruct the jury to consider the circumstances under which such statements were made by the defendant, and to disregard them if made by reason of hopes or inducements held out to him; otherwise to give them such weight as, under the circumstances, they regarded them entitled to.

7. **Burglary:** LENGTH OF SENTENCE. Five years in the penitentiary is not an unwarranted sentence for burglary of a dwelling house in the nighttime, when the guilt of the defendant is fairly established.

*Appeal from Scott District Court.*—HON. W. F. BRANNAN, Judge.

THURSDAY, JANUARY 19, 1893.

INDICTMENT for burglary. Verdict of guilty, and a judgment from which the defendant appealed.— *Affirmed.*

*W. M. Chamberlain* and *Thompson & Stuart*, for appellant.

*John Y. Stone*, Attorney General, and *Thos. A. Cheshire*, for the State.

GRANGER, J.—I. The defendant was arraigned on the twenty-fifth day of September, 1891. The cause was set for trial on the twelfth day of October, 1891, and the defendant asked for and obtained an order for witnesses in

1. CRIMINAL law: time to prepare for trial: waiver.

his behalf, residing in Linn county, who were subpœnaed, and were in attendance at that time. On the twelfth of October the defendant requested a continuance until the next day, it being stated that he would be ready for trial at that time, and the continuance was granted. On the morning of the thirteenth it was discovered that the defendant had not pleaded to the indictment, and his plea of not guilty was then entered. When the court ordered the jury called, the defendant demanded the three days to prepare for trial, under the provisions of Code, section 4419, which provides "that the defendant shall, if he, upon entering his plea, demand it, be entitled to three days in which to prepare for trial." The demand was refused, of which complaint is made. The record warrants the conclusion that on the twenty-fifth of September the cause was set for trial by a mutual understanding, and that preparations for the trial were to be made. On the twelfth of October the defendant obtained a postponement to the next day, upon an express statement that he would then be ready for trial. Whether or not there was a misapprehension as to the plea being made, the understanding amounted to a waiver of the provision of the statute as to time. The defendant had, upon an understanding, as it appears from the record, taken time to prepare for trial, and then secured another postponement upon an understanding that he would proceed to trial the following day. There was no error in the action of the court.

II. The indictment is for breaking and entering a house in the nighttime. The court instructed the jury as follows:

"15. If you find that the defendant was guilty of breaking and entering the house of the said Sartorious with the intent charged, but have a reasonable doubt as to whether such breaking and entering was done in the nighttime,

2. BURGLARY: degrees of offense: instructions to jury.

then the defendant would not be guilty of the offense of burglary, but he would, under such circumstances, be guilty of the offense of breaking and entering in the daytime."

It is said that the giving of this instruction is erroneous, because the defendant is not charged with such a crime, and there is no evidence to sustain it. In *State v. Frahm*, 73 Iowa, 355, this court held that "burglary of a dwelling house is of two degrees,—the first, the breaking and entering in the nighttime with intent to commit a felony; the second, the breaking and entering in the daytime." Code, section 4465, is as follows: "Upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto, or of an attempt to commit the offense, if punishable by indictment." The statute is authority for the instruction. Breaking and entering in the daytime is a degree of the offense charged. As to there being no evidence of such an offense, we need only say there is testimony on which the jury found that there was a breaking and entering at some time, with the felonious intent necessary to constitute burglary. This breaking and entering must have been either in the nighttime or in the daytime. If the evidence did not, with that degree of certainty necessary to convict, show the offense to be of the highest degree, it was the duty of the jury, under a familiar rule, to find it of the lower degree; and hence, if there was evidence to convict of burglary,—which will be noticed hereafter,—it is certainly sufficient to sustain a verdict for the lower degree.

III. It is said that the court should have instructed that the defendant might be found guilty of entering a dwelling house in the nighttime without breaking, as being one of the degrees of

the offense. The evidence shows, if there was an offense committed, that it was by breaking and entering, and in a way to render the instruction omitted unnecessary in the case.

IV. The indictment charges that the defendant, when he committed the offense, was armed with a

4. ——: ——: dangerous weapon: instruction: instructions to jury.

dangerous weapon, and the court instructed the jury that there was no evidence to show that fact, because of which it is urged that the court should have instructed that the jury, in case the evidence warranted, might find the defendant guilty of the lesser crime defined in the Code, section 3894, which is for breaking and entering a dwelling house in the daytime, or in the nighttime without breaking. We do not see why this particular fact should necessitate such an instruction. The mere absence of the weapon would not reduce the offense to the crime suggested. The possession of the dangerous weapon is not a necessary element of the crime of burglary in the nighttime. It is only a fact that aggravates the offense, and may increase the punishment. The effect of the court's instruction was to eliminate from the case a fact that might increase the punishment.

V. One Gerstenberg, whose name was not in the indictment, and who was not before the grand jury, was used as a witness for the state, of which complaint is made. Notice was served under the provisions of the statute for such cases, and in argument the sufficiency of the notice is not questioned, nor does it appear insufficient. There is no error in this respect.

VI. Hannah Orbeck was examined as a witness for the state. Her examination disclosed that she knew

5. CRIMINAL law: evidence: procedure.

nothing material to the case, and at the close of her examination, on motion of the defendant, the testimony was stricken out. It is, however, urged that it was error to permit

the testimony to be given. It is of such a character that it could not, in reason, have been prejudicial. Besides, the court in an instruction, cautioned the jury to disregard the testimony ordered · to be stricken out, and said to the jury that "the effect of striking out is the same as exclusion."

VII. There was evidence of confessions made by the defendant while under arrest and in jail, and it is said that they were made under circumstances that should render them incompetent; that they were made under promises "that it would go easier with him if he would turn up the stuff." The following is a part of the testimony of Mr. Sartorious, who owned the building that was entered:

6. ——: ——:
confessions;
instructions
to jury.

"Had conversation with defendant. He sent notice to me that he wanted to see me, after the police trial. Saw defendant first before police trial. Saw defendant again after or a little before the police trial, on the twenty-ninth day of July, in police court. He wanted to see me in county jail. I went there. Harvey Jones, sheriff, was there; also Officer Winchelmann and defendant. When I came in, Winchelmann told defendant that I was Sartorious, if he (defendant) wanted to see me. He (defendant) said he wished Winchelmann would go out. Winchelmann went out. He (Jones) refused to go. Defendant then told me that if I promised to say nothing about this money, as it was not my money, he would hand back the whole stuff,—he means the watches. *By Mr. Gould:* Don't state what he means; just state what he said. *Answer.* All right; that is what he said: 'You only trust me fifteen or twenty minutes, and the other man will bring you the stuff back again.' I said I would not trust Jesus Christ. He said: 'You have to trust me.' I suppose there was— *Mr. Gould:* Don't state what you suppose. *Answer.* I said: 'I can't tell no lie.' He

said: 'You can say you were mistaken, but say that I make it easy for him if he hand back my stuff,—that is all.' When they brought him over to the police court again, he wanted to see me again,—I guess he got postponed over to the grand jury,—and he said: 'I hand you back your stuff.' The dwelling house was occupied by myself and family on July twenty-ninth last."

This evidence was admitted without objection, as the record discloses, and there is nothing to indicate its incompetency. The statements seem to have been purely voluntary. We may notice, in this connection, a claim that the court erred in instructing the jury to consider the circumstances under which such statements were made, and to disregard them if made "by reason of hopes or inducements held out to him;" otherwise, to give them such weight as, under the circumstances of their being made, the jury regarded them entitled to. It is claimed that the court should have instituted an inquiry out of the presence of the jury to ascertain whether the statements were voluntary or otherwise. Conceding that the situation might be such as to justify or require such a proceeding, nothing in this case rendered it necessary. The testimony was clearly admissible, and its admissibility was not questioned. It is, of course, the duty of the court to determine the admissibility of such evidence, whether with or without objections, and it is not error for the court to instruct the jury as was done in this case. See *State v. Fidment*, 35 Iowa, 541. The action of the court in this case is in harmony with the rule there announced.

VIII. It is said that the verdict is not sustained by the evidence. In some respects the testimony is not strong, but there are facts well established which, considered in the light of his statements, leave little room for doubt of his complicity in the crime committed.

It is a case in which we should not interfere with the verdict of the jury where the court below refused to disturb it.

IX. It is lastly said, admitting the evidence to be sufficient, a sentence of five years at hard labor is not warranted. With the guilt fairly established, we think the punishment not excessive. The unblushing boldness and prevalence of this crime demands a just, yet rigid, application of the law and its penalties.

*7. BURGLARY: length of sentence.*

The judgment is AFFIRMED.