STATE OF IOWA V. G. J. THOMPSON, Appellant.

**Practice:** ARRAIGNMENT. Where trial was set on consent and both parties subpœnaed witnesses accordingly, defendant is deemed to have waived arraignment, after trial has actually begun.

PLEA. Though Code, 3346, allows one day to plead, it is not error to allow but thirty minutes after defendant has thus waived arraignment, by consenting to a set day for trial.

**Practice in Supreme Court.** No transcript or amended abstract may be filed after submission, unless the court gives permission.

SUBMISSION. No submission will be taken on the motion of the court at a time at which the record is not complete.

*Appeal from Polk District Court.*—HON. S. F. BALLIETT, Judge.

SATURDAY, OCTOBER 5, 1895.

The defendant was indicted for burglary, was convicted, and appeals.—*Affirmed.*

*Henry S. Wilcox* for appellant.

*Milton Remley*, attorney general, and *Jesse A. Miller* for the state.

Kinne, J.—I.   A motion is filed by the appellee to strike from the files the transcript and amended abstract filed by appellant.   It appears that appellee's amended abstract was served upon appellant April 24, 1895.   Appellee's argument was served upon appellant May 16, 1895, and the cause submitted May 27, 1895.   After the cause had been fully argued and submitted for an opinion, and on May 29, 1895, a transcript was filed, and on May 31, 1895, an amended abstract.   We think this motion should be sustained.   If a party may be permitted to file an amended abstract and a transcript two or four days after a cause is fully submitted, he may file it at any time after submission, and the business of the court would be greatly impeded, as well as increased.   Counsel also have a right to suppose that when a cause is submitted no other paper will be filed therein by either party without the consent of the opposing party and the permission of the court, granted when the submission of the cause is taken.   We are not aware that it has ever been held permissible to file such papers in a case after final submission.   It is true that some years ago the court, by order made when the cause was submitted, and with the consent of parties, permitted parties within a certain fixed time to file papers, even

after a cause had been submitted. This practice was found to lead to confusion, and often causes were thus submitted which were never fully argued.

This practice was abandoned, and the submission of no case is taken in which the record is not complete, at least during the term at which the submission is made. In this case there was no permission to file the amended abstract and transcript after submission of the cause. There was no consent of counsel that it might be done; and, even if there had been, it would have been unavailing without the permission of the court. The motion will be sustained. See *State v. Windahl* (decided at this term) 95 Iowa, 470 [64 N. W. Rep. 420].

II. The facts, as disclosed in the record which is left for consideration, are that in April, 1893, the defendant was indicted for burglary, committed by breaking and entering a chicken house. June 1, 1893, the cause was called for trial, and defendant appeared by his attorney. The jury was impaneled and sworn to try the cause. The county attorimpaneled and sworn to try the cause. County attorney read the indictment to the jury, and stated that the defendant pleaded not guilty, whereupon the attorney for the defendant stated to the court that the defendant had not been arraigned, and had not pleaded to the indictment, and asked time to plead. The court then adjourned until the next morning. The record further shows that the cause had, with the consent of all parties, been set for trial, and witnesses subpoenaed for both parties, several days prior to the day of trial, and that other arrangements had been made for the trial of this cause. The court held "that the defendant has waived arraignment, and is deemed to have pleaded not guilty." The court then ordered defendant arraigned, which was done, and he was given thirty minutes in which to plead; the trial to then proceed.

At the expiration of the time given to plead, a plea of not guilty was entered, the jury resworn, the indictment re-read, the defendant's plea stated to the jury, and the trial proceeded with, all against the defendant's objection. He was found guilty.

II.   The only questions presented upon this appeal are whether the court erred in ordering an arraignment of the defendant, and in entering the plea without giving the defendant further time to plead.   It will be observed that the court found that the defendant had "waived arraignment." This the statute provides that the defendant may do.   Code, section 4327.   In *Powell v. U. S.*, Morris (Iowa) 17, it is said: "But it is a general rule that the total want or omission of an arraignment will be a sufficient ground for reversing a judgment.   *   *   *   Had the record stated that the defendant had regularly appeared and pleaded, an arraignment would have been implied by that act. As, however, there is no evidence from the record that the defendant pleaded, that he was arraigned, or that he even personally appeared, the judgment must be reversed."   In *State v. Winstrand*, 37 Iowa, 112, it is held that, where the record is silent as to the arraignment, inasmuch as every presumption is in favor of the regularity of the proceedings below, it will be presumed that the defendant was arraigned, or that he waived arraignment.   In *State v. Bowman*, 78 Iowa, 520 [43 N. W. Rep. 302], it is held that the failure to have the record show affirmatively that an arraignment was made or waived, is a mere irregularity, and not prejudicial to the defendant.   See, also, *State v. Greene*, 66 Iowa, 11 [23 N. W. Rep. 154].   It is not necessary that an arraignment be formally waived.   There may be such acts on part of defendant as in law should be held to amount to such a waiver.   In this case it clearly appears that by mutual understanding, if not by express agreement, counsel for the defendant and the state had

fixed upon a time for the trial; that both sides had subpoenaed witnesses accordingly; that such witnesses had been subpoenaed several days prior to the time agreed upon for trial. These facts warranted the court in holding that defendant had waived arraignment. The statute was enacted for the benefit of the defendant, but it was not intended that he might, in fact, realize all of its benefits, and then claim the technical right to be arraigned, when the only effect would be to unnecessarily delay the trial, and impede the business of the court, when, as in this case, no prejudice could result to him. See *State v. Jordan*, 87 Iowa, 87 [54 N. W. Rep. 63]. That the court saw fit to order the defendant arraigned did not operate as a waiver of the previous acts, which we hold of themselves amounted to a waiver of arraignment. The court, no doubt, in its desire to be right, and commit no error, ordered the arraignment. Defendant, having, theretofore, waived arraignment, is in no position to question the propriety of the action of the court in this respect.

IV. Defendant contends that the court improperly ordered a plea of not guilty entered, and also erred in not giving him one day in which to plead. True, under the statute, the defendant, if he demand it, is entitled to one day after arraignment in which to plead. Code, section 4336. The court found, and properly, as we hold, that defendant had, long prior to the day of trial, waived arraignment. He had then had more than the time allowed him by the law in which to plead. He had several days prior to June 2, 1893, the day of the trial, consented that the case be set for trial on June 1, 1893. All of the witnesses had been subpoenaed accordingly; and, having thus waived arraignment, his plea was due prior to the day the trial was had. There was, then, no error in requiring him to plead at once, and in proceeding with the trial.

In *State v. Jordan, supra,* when, on the morning that the case was called for trial, the court discovered that the defendant had not pleaded to the indictment, and a plea was then entered, and a jury called to try the cause, whereupon the defendant demanded three days to prepare for trial, under the provision of section 4419 of the Code, which gives that right, if demanded, the court refused the request, and it was held that, under the circumstances, which disclosed the fact that a time of trial had been agreed upon, and defendant had taken time to prepare for trial, the court did not err in refusing the request. In the case at bar the defendant had had every right the law gave him. His real complaint is that he was refused a day in which to plead. Having several days before waived the arraignment, he had had more time than the law allows in which to plead. The jury was properly resworn after the plea was entered. All the objections are purely technical. The defendant was in no wise prejudiced by the action of the court. The law commands us to disregard the technical errors which do not affect the substantial rights of the defendant. Code, section 4538. Upon the whole record, there was no error, and the judgment below is *affirmed.*