STATE OF IOWA v. CHARLES W. KING, Appellant.

**Criminal Law:** CONTINUANCE. Where notice of the introduction of 3 additional testimony, was served on defendant more than four days before the trial, a continuance on the ground that he had not time to investigate such testimony, was properly denied.

**Criminal Practice:** WAIVER. Defendant waives his right to the 1 three days, after entering his plea, in which to prepare for trial, 2 granted by the statute, by requesting that the case be assigned, subject to a motion for continuance to a particular time, and by insisting upon a trial at a much earlier date than that at which the case is tried. ·

DISCRETION OF COURT. The discretion of the trial court in assign-4 ing its cases with a view to an orderly and timely disposal of the business of the term, cannot be interfered with on appeal from the refusal of a motion for a continuance, based upon the ground that the cases were so arranged as to afford the state an opportunity to give defendant the four days' notice of the introduction of additional testimony, required by the Iowa statute.

*Appeal from Warren District Court.*—HON. J. H. APPLE-GATE, Judge.

WEDNESDAY, APRIL 8, 1896.

DEFENDANT was indicted, tried, and convicted of the crime of seduction, and he appeals.—*Affirmed.*

*Brown & Lacey* and *H. McNeil* for appellant.

*Milton Remley,* attorney general, and *Jesse A. Miller* for the state.

DEEMER, J.—The defendant was arraigned on the twenty-eighth day of March, 1895, and he took the statutory time to plead. On the fifth day of April, 1895, he filed a motion for continuance, based upon the absence of a witness. The state was given until the ninth of April to make resistance to the motion. Upon the filing of the resistance, the case, at defendant's request, was assigned for trial on the eleventh day of April, subject to the motion for continuance. On the twelfth of April, the defendant entered his plea of not guilty, and asked for three days' time in which to prepare for the trial. The case was called for trial when reached in its regular order on the assignment, to-wit, on the thirteenth day of April, and defendant then objected to being put upon trial. Thereupon the court upon its own motion continued the case until Monday, the fifteenth, at which time the trial was entered upon. Before proceeding with the trial, the defendant's counsel filed a motion for continuance, based upon the grounds: *First*, that they had not had time to investigate the testimony of certain witnesses which the state proposed to offer by virtue of a notice served upon the defendant on the eighth day of April; *second*, that the court so controlled its assignment of cases as to allow the statutory time for the giving of notice to defendant of additional testimony to run. It is contended that the court erred in forcing the defendant to trial at the time he did, and in overruling his motion for a continuance. It will be noticed that the assignment of the case for the eleventh, was made at the request of defendant's counsel. The record also shows that defendant was insisting, up to the day of trial, upon a hearing at an earlier date,—manifestly to take advantage of the statutory requirement that four days' notice be given the defendant of the production

of witnesses whose names were not indorsed on the back of the indictment. It also appears that defendant, in his motion for continuance, was complaining of the action of the trial court in so arranging his assignment, as to postpone his case. We have repeatedly held that the statute giving the defendant a right to three days after entering his plea, in which to prepare for trial, may be waived. Conceding, then, for the purposes of the case, that defendant did not have his statutory time in which to prepare for trial, we think he waived it by requesting that the case be assigned for a particular time, and by insisting upon a trial at a much earlier date than that at which the case was called. *State v. Jordan*, 87 Iowa, 86 (54 N.W. Rep. 63); *State v. Thompson*, 95 Iowa, 464 (64 N. W. Rep. 419).

II. The motion for continuance was properly overruled. The notice of the introduction of additional testimony was served on defendant on the eighth day of April, 1895, and the defendant was not put upon his trial until the fifteenth. More than four days had elapsed, after the giving of the notice, before the trial was commenced. Moreover, the two witnesses referred to in the notice, were not used by the state. The conduct of the court, with reference to its assignment of cases, was not erroneous. It appears that it assigned the cases with an eye to an orderly and timely disposition of the business of the term, and its discretion in this regard cannot be interfered with.

III. It is argued that the prosecuting witness was not of previously chaste character, at the time the seduction is said to have taken place. There is a conflict in the evidence on this proposition, and the case is such that we cannot interfere with the finding of the jury.

IV. Complaint is made of the conduct of counsel for the state, in his argument to the jury. It is

said, that he commented upon testimony which had been withdrawn from the consideration of the jury. This is a mistake. The testimony referred to by counsel, was yet in the record, and was a proper subject of comment.

V.   Certain of the instructions are complained of, because, it is said, that under them the jury might have found the defendant guilty, even though the prosecutrix was of unchaste character. We do not so understand them. One of the instructions complained of (the sixth), expressly says that they, upon proof of certain essential facts, should find the defendant guilty, unless you (the jury) find the prosecutrix was not of previous chaste character." Another (the fifth), in defining the crime, says that the woman must be of previous chaste character. We see no error in the instructions given.

VI.   The defendant asked two instructions, each of which was refused, and of this he complains. The second one asked, does not state a correct rule of law, and was properly refused. The first, in so far as it announced the law, was given by the court in its charge. The instruction is quite similar to the one refused by the trial court in the case of *State v. Hemm,* which came to this court on appeal, and is reported in 82 Iowa, 609 (48 N. W. Rep. 971). We held in that case, that the action of the trial court was correct.

VII.   Defendant filed a motion for a new trial, based, among other things, upon newly discovered evidence. The motion was overruled, and in this there was no error. The witness whose testimony, it was claimed, was newly discovered, was, at the request of defendant, ordered subpœnaed at the expense of the state. In addition to this, it affirmatively appears that defendant knew that the witness whose testimony, he claims, is newly discovered, saw the prosecutrix at the time the witness claims there was

indecent conduct on her part. But, aside from all this, we have frequently held that newly discovered evidence is not a ground for new trial in a criminal case. *State v. Watson*, 81 Iowa, 380 (46 N. W. Rep. 868); *State v. Whitmer*, 77 Iowa, 557 (42 N. W. Rep. 442); *State v. Bowman*, 45 Iowa, 418. We have examined the whole record, and discover no prejudicial error. The judgment is, therefore, AFFIRMED.