STATE OF IOWA V. ED. HARRIS, Appellant.

**Criminal Law:** WAIVER OF TIME TO PREPARE FOR TRIAL. Where defendant moves for a continuance on the ground of absent witnesses, and the motion being about to be sustained, the state admits that the witnesses will testify as claimed, and the trial is then proceeded with without objection, he waives the right given by Code, section 4419, that he should be entitled to three days in which to prepare for trial, if, on entering his plea, he demands it.

**Criminal Intent:** INTOXICATION: *Evidence.* On a trial for burglary, where the defense was intoxication, evidence that witness had been robbed by defendant shortly before the burglary, is admissible to show that, at the time of the robbery, defendant was not intoxicated.

*Appeal from Polk District Court.*—HON. W. A. SPURRIER, Judge.

THURSDAY, DECEMBER 10, 1896.

THE defendant and one James O'Brien were jointly indicted, tried, and convicted of the crime of burglary. Harris alone appeals.—*Affirmed.*

*MacKenzie & Dewey* for appellant.

*Milton Remley,* attorney general, and *Jesse A. Miller* for the state.

DEEMER, J.—The indictment was returned on the eleventh day of April, 1895. On the same day the defendant was arraigned and entered his plea of not guilty. On the next day the case was called for trial, and the defendant then filed a motion for a continuance, based upon the absence of witnesses. This motion was about to be sustained by the court when the state admitted that, if the witnesses were present, they would testify as stated in the

motion; whereupon the motion for continuance was overruled, and the case proceeded to trial. The defendant took no exception to the ruling of the court, and made no further or other objection to proceeding with the trial. It is now insisted in his behalf that he was not allowed the three days provided by statute, within which to prepare for trial. The statute relied upon is as follows (Code, section 4419); "* * * The defendant shall, if he, upon entering his plea demand it, be entitled to three days in which to prepare for trial." It will be observed, that the defendant did not demand the time, thus allowed by statute, at the time of entering his plea, nor did he, as we understand it, demand this time at any stage of the proceedings. When called for trial he presented a motion for a continuance, based upon the ground of absence of witnesses. This motion would have been sustained had it not been for the election of the state. By this election the defendant secured all that he demanded, and he then allowed the trial to proceed without objection. We have frequently held that the statutory provision quoted may be waived. *State v. Thompson*, 95 Iowa, 464 (64 N. W. Rep. 419); *State v. King*, 97 Iowa, 440 (66 N. W. Rep. 735); *State v. Jordan*, 87 Iowa, 86 (54 N. W. Rep. 63). It is manifest, that the defendant waived the time allowed by the statute, and that he cannot be heard to complain.

II. The defendants were each witnesses upon the trial, and they testified that they were so intoxicated at the time the crime is said to have been committed, that they were incapable of forming a felonious intent. One of them testified that he was intoxicated all day and most of the evening on which the crime is said to have been committed. The other said he was intoxicated during the whole of that day and evening, and that he remembered being in the house that evening, but that was all he did

remember.  To rebut this evidence the state introduced two witnesses, who testified that they were "held up" about ten o'clock in the evening of the day of the burglary, by these defendants.  These witnesses detailed the separate occurrences, and gave evidence of facts and circumstances which were wholly inconsistent with the defendants' claim that they were drunk.  The burglary occurred about twelve o'clock, midnight, and the robberies about ten o'clock in the evening.  The lower court admitted this testimony for the purpose of showing the condition of the defendants as to sobriety, and carefully instructed the jury that they should consider it for no other purpose.  This ruling of the court is assailed.  We think the ruling was correct, and that the testimony was properly received in rebuttal of the evidence given by the defendants relative to their intoxication on the day in question.

III.  Claim is made that the verdict is not supported by the evidence.  It must be conceded that the conduct of the defendant and his companion, at the time they entered the house which they are charged with having burglariously entered, was very strange, and hard to be accounted for upon any theory except that they were intoxicated.  But, whether they were drunk, and, if so, whether this intoxication was sufficient to justify their acquittal, were questions for the jury to determine.  There was ample evidence to sustain the finding that defendant was responsible for his acts.  The court clearly and correctly stated the law upon the subject, and the case is one where we cannot interfere.  We find no prejudicial error in the record, and the judgment is AFFIRMED.