THE STATE OF NORTH DAKOTA v. M. B. CHASE AND JOHN DWYER.

Opinion filed September 10, 1908.

**Criminal Law — Time for Preparation.**

1. The right to one day's time for preparation for trial after the plea is entered is absolute if requested in time.

**Same — Time to Make Request.**

2. Under a statute providing for one day's time to prepare for trial, but not prescribing when the request shall be made, a reasonable construction thereof is that the request should ordinarily be made immediately after plea, and before any other step preliminary to the trial is taken.

**Same — Waiver of Right.**

3. Unless the request for time to prepare for trial, pursuant to a statute giving that right, is made in time, the right thereto is waived.

**Same.**

4. After the plea had been entered and the trial called and four jurors called into the box, the defendants asked for one day's time to prepare for trial, and the court denied the request. *Held,* not error.

**Same — Appeal — Review — Abuse of Discretion.**

5. Whether the request for time to prepare for trial is made in time may depend in some cases upon special circumstances, and in such cases the action of the trial court will be entitled to great weight, and will not be disturbed, except in case of manifest abuse of discretion.

**Evidence.**

6. Admissibility of certain evidence considered, and its admission *held* immaterial.

**Gaming — Verdict — Evidence.**

7. Verdict *held* sustained by the evidence on a review thereof.

Appeal from District Court, Williams County; *Goss, J.*

M. B. Chase and John Dwyer were convicted of keeping a gambling resort, and they appeal.

Affirmed.

*Palda & Burke (Engerud, Holt & Frame,* of counsel), for appellants.

Defendant is entitled to a day after plea to prepare for trial.   Section 9935, Revised Codes 1905.

It is his right without statute.   Miller v. U. S. 57 Pac. 836; Goodson v. U. S. 54 Pac. 423; Johnson v. State, 49 S. W. 618; State v. Pool, 23 So. 503.

Trial is not begun until jurors are sworn.   State v. Hazledahl, 2 N. D. 521, 52 N. W. 315; State v. Kent, 5 N. D. 516, 67 N. W. 1052.

Abuse of discretion to refuse time for   preparation.   Colean Mfg. Co. v. Feckler, 16 N. D. 227, 112 N. W. 993; State v. Pool, supra.

Statement of a witness not in defendant's presence not binding on latter.   2 Wigmore on Evidence, section 1071.

*T. F. McCue,* Attorney General, *R. N. Stevens,* Asst. Atty. Gen'l, and *Van R. Brown,* State's Attorney, for respondent.

Refusal of trial court to set aside a verdict is   not   reviewable, where there is any evidence to sustain it.   Palmer v. People, 4 Neb. 73; Hurley v. State, 6 Ohio, 400; State v. Crews, 16 Mo. 391; Wolf v. State, 11 Ind. 231; Guiles v. State, 6 Ga. 272; State v. Elliott, 15 Iowa, 72; State v. Howell, 100 Mo. 659.

MORGAN, C. J.   The state's attorney of Williams county filed an information against the defendants, charging them with jointly keeping a place as a gambling resort in violation of section 8974, Revised Codes 1905, and a conviction followed, after a joint trial before a jury, and they were sentenced to imprisonment in the county jail for 90 days, and to pay the costs of trial, taxed at the sum of $150.   The defendants have appealed from the judgment, and, pending the appeal, were admitted to bail by the district court.

There are three grounds urged by them for a reversal of the judgment.

(1) The refusal of the district court to grant to them one day in which to prepare for trial after pleading to the information, as provided by section 9935, Revised Codes 1905, which reads as follows: "After his plea, the defendant, if he requests it, is entitled to at least one day to prepare for trial."   The record shows that, after arraignment of the defendants on June 17, 1907, they were given one day in which to plead.   At the opening of the court

on the following day, the defendants' plea of "not guilty" was received and entered on the record. After the case had been called for trial, and the clerk had called the names of four jurors, who had taken their places in the jury box, the defendants moved for a separate trial, and asked for one day's time in which to prepare for trial. The court denied both requests. No exception is urged as to the ruling denying a separate trial, as the granting of separate trials in misdemeanor cases is discretionary with the trial court under the express terms of the statute. Section 9996, Revised Codes 1905.

The ruling upon the request for one day's time to prepare for trial presents a different question. If the request is made in time, it must be granted as a matter of right, and the granting or refusing of it involves no question of discretion. The statute does not fix any time or stage of the proceedings during which the request must be made. A reasonable construction of the provision is that the request must ordinarily be made immediately after the plea, and before any other step preliminary or preparatory to the trial is taken. Under this construction it should ordinarily be made before the calling of a jury is ordered. Although the right to at least one day for preparation for the trial is absolute if made in time, still by not making the request at all, or by not making it in time, the right thereto is waived. Unless a seasonable request is made for a delay of one day or more for preparation, the right thereto will be deemed to have been abandoned. As to whether the request is made in time, or should be granted although not made in time, may be controlled by particular circumstances, and in determining such matters, the action of the trial court will not be disturbed, unless there has been an abuse of discretion. In this case nothing appears in the record to show that any prejudice could have followed the action of the court in not granting the additional time. No fact was urged at the trail to show any reason for the postponement for one day. The request seems to have been based upon the fact that defendants' chief counsel was not present when the request was made. The defendants were represented by counsel during the arraignment and during the impaneling of a jury. After the jury was impaneled, the court on its own motion postponed the trial until the chief counsel arrived, and he thereafter conducted the defense. We think the trial court did not err in denying the request under the circumstances, as the request was not made in

time, and no circumstance appears showing that the request should have been granted although not made within time. That the right given by the statute is waived unless made in time is amply sustained by authority. State v. Counts, 49 Tex. Cr. R. 329, 94 S. W. 221; State v. Harris, 100 Iowa, 188, 69 N. W. 413; State v. King, 97 Iowa, 440, 66 N. W. 735; State v. Jordan, 87 Iowa, 86, 57 N. W. 63; State v. Fletcher (Tex. Cr. R.) 39 S. W. 116; People v. Winthrop, 118 Cal. 85, 50 Pac. 390.

(2) The defendants were arrested while card games were going on at the place where both defendants were at the time. One of the players had a conversation with one of the persons who accompanied the officer making the arrest, as follows: "I had a conversation in there at that second table. I asked the fellows for their cards, and one fellow said I could not have them. The defendants at that time were over by the round table. The room is, I should judge, 10 or 12 by 14 or 16. Both defendants were in this room. * * * I asked the fellows for their cards, and they said I could not have them, and I says, 'Yes, I want them,' and one fellow said, 'Well, you can't have them, we are playing for 25 cents,' and I said, 'I can't help it. I want all the stuff,' and he said 'All right. You are an officer. We were just playing for fun,' and gave me the cards. I heard other conversation in there." It is claimed that it was error to receive this testimony without a showing that the defendants heard the conversation. Standing alone, this testimony would not sustain a conviction, but there is other evidence in the record showing that gambling games were going on in that room when the arrests were made and at other times. The defendants offered no testimony, and the uncontradicted testimony of the state clearly showed that gambling was going on, and had been for a long time going on, in the room where this conversation took place. On this point there can be no question but that the verdict was amply sustained on this point by the evidence, and the evidence objected to had no bearing on the case, except as to whether gambling was permitted to be carried on in this room. The objection to the evidence is that it was hearsay so far as the defendants are concerned, as there is no showing that the defendants heard the conversation, and could not therefore be charged by their silence in having acquiesced in the statement that gambling was going on there. If the players had unequivocally stated that the game was being played for money, it may be doubted whether the admission

of the evidence was prejudicial, in view of the size of the room and the circumstances under which the statements were made. But we need not dispose of the objection on that ground. The statement of the player, as narrated by the witness, cannot be said to show that the game was being played for money. Considered altogether, it required no statement from the defendants, and their silence became immaterial.

(3) It is also assigned as error that the motion to advise the jury to return a verdict of acquittal should have been granted. As stated before, the evidence amply sustains the verdict as to both defendants. This motion is especially urged as to the defendant Chase. The claim is that the evidence fails to connect him with the running or management of the place. There is no basis for the claim. His codefendant, Dwyer, left him in charge on the night of the arrests, and it is shown that he had keys to the card and chip racks, paid out money, and acted as proprietor. This is sufficient to sustain the verdict as to his connection with the place as keeper, in the absence of any denial from him or any contrary evidence.

The judgment is affirmed. All concur.