### ARGUED AND DETERMINED

### IN THE

# SUPREME COURT

### OF

# NORTH DAKOTA

---

## STATE v. KELLY et al.

### (140 N. W. 714.)

**Misdemeanor — conviction — appeal — request for time to plead.**

Defendants were convicted of a misdemeanor and appeal, assigning as error that they had not been given a day after arraignment within which to plead or demur. *Held* that defendants have not brought themselves within the provisions of §§ 9889, 9890, and 9935, Rev. Codes 1905, having made no seasonable request for time to plead.

Opinion filed March 5, 1913.

An appeal from the County Court for Ransom County; *Thomas,* J. Affirmed.

*Rourke & Kvello,* for appellants.

Defendants' request for time in which to prepare for trial should have been granted. Statute, Sec. 9889; McFadin v. State, 44 Tex. Crim. Rep. 471, 72 S. W. 172; Whitesides v. State, 44 Tex. Crim. Rep. 410, 71 S. W. 969.

Filing new information on quashing of the former one makes a new case, entitling defendant to his day to plead. Whitesides v. State, supra.

25 N. D.—1.

It was error to overrule defendants' request for time to prepare for trial. Statute, § 9935; State v. Chase, 17 N. D. 429, 117 N. W. 537, 17 Ann. Cas. 520.

This was their right in the absence of the statute. Miller v. United States, 8 Okla. 315, 57 Pac. 837; Goodson v. United States, 7 Okla. 117, 54 Pac. 423; Johnson v. State, — Tex. Crim. Rep. —, 49 S. W. 618; State v. Pool, 50 La. Ann. 449, 23 So. 503.

The intent and purport of the statute, § 9935, are to afford defendants full opportunity to prepare for trial. Evans v. State, 36 Tex. Crim. Rep. 32, 35 S. W. 169; Whitesides v. State, 44 Tex. Crim. Rep. 410, 71 S. W. 969; Rev. Codes, Sec. 9889.

*T. A. Curtis,* State's Attorney, for respondent.

No request made for time to prepare. The information was allowed to be amended, as the defendants had not pleaded. This was permissible. Rev. Codes, § 9796.

The statute should be construed according to its plain import. McCord v. State, 2 Okla. Crim. Rep. 209, 101 Pac. 135.

In preparing brief counsel should refrain from anything of a personal nature, especially when wholly immaterial and irrelevant. Flannagan v. Ellton, 34 Neb. 355, 51 N. W. 967; Steils v. State, 7 Okla. Crim. Rep. 391, 124 Pac. 76; Gonzales v. State, 7 Okla. Crim. Rep. 444, 123 Pac. 705.

Goss, J. Defendants were jointly informed against for keeping and maintaining a common nuisance, a misdemeanor, at a designated time and place. Their arraignment was had on the charge on July 9, 1912, and they were given until the next day to answer, when they appeared by counsel and demurred to the information, which demurrer was sustained. The state's attorney thereupon immediately asked leave to file a new information, charging the same crime but curing the defect in the original one, which motion was forthwith granted and was complied with by an amended information being immediately filed on July 10th. Thereupon counsel for defendants made the following request: "We ask our day to plead; I think we will be ready by 2 o'clock." To which the court replied: "We are not going to delay any further in this matter." Then to the state's attorney: "Read the information." Thereupon arraignment upon the amended information was duly had,

at the conclusion of which the court inquired of the defendants and their counsel: "Do you refuse to enter a plea at this time?" To which reply was made: "Yes, sir." The court then ordered: "A plea of not guilty will be entered; proceed to trial." Objection was made by defendants and exception allowed to the action of the court. Thereupon counsel for defendant made the following request: "Permission of the court is now asked to prepare and serve a demurrer to that information;" which request was overruled and exception allowed. Then a jury was called into the box for examination, after which defendants' counsel interposed the following objection: "Defendants at this time object to the plea of not guilty entered by the court for the defendants and against the objection. The defendant at this time objects to the impaneling or swearing of a jury, or the taking of any other steps looking to the prosecution or conviction of the defendants, on the ground and for the reasons that they have been deprived of their legal rights of time to plead or demur to the information, or to prepare for trial." This objection was overruled and exception allowed. The trial proceeded, and at its conclusion the jury returned a verdict of guilty as against both defendants. They were duly sentenced on July 13, 1912, and on July 19th appealed from such judgment of conviction, assigning four errors, as follows:

"(1) It was error for the court to overrule defendants' motion for time to plead. (2) It was error for the court to overrule defendants' request for time to prepare for trial. (3) It was error for the court to order the entry of a plea of not guilty for the defendants and each of them over their objection. (4) It was error for the court to overrule the defendants' exception to the impaneling of a jury or the taking of any steps looking to the prosecution and conviction of these defendants."

The first assignment of error is based upon the alleged noncompliance with statutory provisions providing: "Sec. 9889. If, on the arraignment, the defendant requires it, he must be allowed until the next day, or such further time may be allowed him as the court may deem reasonable, to answer the information or indictment. Sec. 9890. If the defendant does not require time as provided in the last section, or if he does, then on the next day or at such further day as the court may have allowed him, he may, in answer to the arraignment, either move

the court to set aside the information or indictment, or may demur or plead thereto." Under the record as above recited defendant is not within the statute. By its terms any delay desired in the way of time to answer must be required, that is, requested or asked for by the defendant after arraignment, as he must "in answer to the arraignment either move the court to set aside the information or indictment, or may demur or plead thereto." The assignment sought to be based on this statute is one not going to the merits, and therefore is a technical objection at best; and we do not feel disposed to extend the statute by applying it to a case not coming strictly within its terms, when we are asked to set aside a conviction solely upon such grounds. Arraignment had not taken place at the time that an additional day's time to plead was requested, and the denial of the application at that time made was proper, as defendants had then no right to delay the arraignment subsequently occurring. After arraignment, when it came time for defendants to move to set aside the information, demur or enter plea thereto, no request for time was made; but instead, the defendants stood mute and the court complied with the provisions of § 9918, providing that "if the defendant refuses to answer the information or indictment by demurrer or plea, a plea of not guilty must be entered," and properly forthwith ordered and had entered the plea of not guilty as the plea of the defendants to the information. As a motion to set aside or a demurrer must be entered in advance of the plea, if at all, the request of counsel for permission to prepare and serve a demurrer, coming after the entry of plea, came too late, and its denial was proper. The first, third, and fourth assignments are therefore without merit.

As to the second assignment, alleging error because of the overruling of the defendants' request for time to prepare for trial, the record fails to show any such request. It is true that, after the jury had been called for examination as to their qualifications to sit as jurors in the cause, an exception to further proceedings was entered on the grounds of the denial "of their legal right of time to plead or demur to the information or to prepare for trial." This objection was not based upon any request within the terms of § 9935, Rev. Codes 1905, Providing: "After his plea the defendant, if he requests it, is entitled to at least one day to prepare for trial." After the entry of plea, no request whatever was made, except permission to prepare and serve a demurrer to the informa-

tion. Inasmuch as the sufficiency of the amended information is not challenged, and the request came too late, being after the entry of plea as above stated, we cannot see how the denial of the request to serve and file a demurrer could in any event be considered prejudicial; nor can we construe the request so denied as any request for time to prepare for trial under the provisions of § 9935. No rights of the defendants were infringed or jeopardized by the rulings complained of, but instead, the usual and ordinary procedure concerning arraignment, entry of plea, and commencement of trial in all respects was followed. Defendants have not brought themselves within any of the provisions of the statute sought to be invoked. For that reason none of the authorities cited by appellants are in point. The second assignment of error has been in State v. Chase, 17 N. D. 429, 117 N. W. 537, 17 Ann. Cas. 520, decided adversely to appellants' contention and in line with our conclusions.

The judgment appealed from is accordingly ordered affirmed.

BRUCE, J. (concurring specially). I concur in the result of the above opinion for the reason that I do not think that the defendant made a request after the arraignment for any further time to prepare for trial or to plead, and because I believe that the demurrer, if interposed, would have been unavailing. In other words, I think that the amended information charged an offense. I, however, am inclined to believe that permission to interpose such demurrer should have been granted, and that the mere fact that the court asked the defendant the question: "Do you refuse to enter a *plea* at this time?" which was answered by, "Yes, sir,"—did not preclude the defendant from asking and insisting upon the right to file a demurrer. I think, in short, that there was error, but that under the state of the record it was error without prejudice.