## THE STATE v. FOSTER.

**Criminal Law:** PRACTICE IN THE SUPREME COURT. That the abstract failed to show the fact of a plea to the indictment will not justify the presumption that the defendant failed to plead. Error in the proceedings of the courts will not be presumed.

*Appeal from Marion District Court.*

FRIDAY, MARCH 19.

THE defendant was convicted upon an indictment for obtaining money under false pretenses, and sentenced to six months imprisonment in the county jail, and to pay a fine of one dollar, with costs. A former trial had resulted in a verdict of guilty, which was set aside and a new trial granted. From the judgment upon the second conviction he now appeals to this court.

*Stone & Ayres*, for appellant.

*M. E. Cutts, Attorney-General*, for the State.

BECK, J.—The only ground of objection urged against the judgment is, that there was no plea to the indictment entered by defendant.

The abstract before us is entirely silent as to the fact upon which this objection is based. It is not shown whether there was, or was not a plea by defendant. To sustain the objection, in the absence of the fact appearing, we must presume defendant failed to plead. But this we cannot do. We are required to exercise all presumptions in favor of the regularity and correctness of the proceedings of the court below, and are permitted to entertain none against them. This rule is of daily application here. Error must be affirmatively shown, never presumed. Its application to this case illustrates its wisdom, for it would be strange indeed that the defendant should be twice tried without pleading to the indictment. It would indeed be a most defective rule for the administration

of justice, which would permit us to presume against the regularity of the proceeding of a court, to sustain an objection so purely technical.

AFFIRMED.