DAVENPORT, APRIL TERM, A. D. 1885,

IN THE THIRTY-NINTH YEAR OF THE STATE.

| 66 | 11 |
| 78 | 520 |
| 66 | 11 |
| 95 | 467 |

PRESENT:

Hon. JOSEPH M. BECK, Chief Justice.
" AUSTIN ADAMS, ⎫
" WILLIAM H. SEEVERS, ⎪
" JOSEPH R. REED, ⎬ Judges.
" JAMES H. ROTHROCK. ⎭

---

## The State v. Greene.

I. **Criminal Procedure:** TRIAL WITHOUT PLEA: NO PREJUDICE—NO REVERSAL. Where defendant demurred to the indictment, and upon the overruling of the demurrer he neglected to plead, and through inadvertence the cause went to trial without any plea, but was tried in all respects and by all parties as if a plea of not guilty had been entered, *held* that defendant was not prejudiced by the irregularity, and that a judgment of conviction upon a verdict of guilty should not be set aside. Code, § 4538.

*Appeal from Mills District Court.*

WEDNESDAY, APRIL 22.

THE defendant was convicted of the crime of larceny, and sentenced to a term of imprisonment in the penitentiary, and from this judgment he appeals.

*Z. T. Fisher*, for defendant.

*A. J. Baker*, *Attorney-general*, for the State.

REED, J.—After the defendant was arraigned, he filed a demurrer to the indictment. The demurrer was overruled, and thereupon, without any plea having been entered, a jury was impaneled, and defendant was put upon trial on the indictment. The state introduced evidence tending to establish the charge against him, and defendant was permitted to introduce evidence tending to exculpate himself from the charge, and the case was argued by counsel for both parties. It was tried in every respect just as it would have been if a plea of not guilty had been entered, and the questions which were submitted to the jury for determination were the same that would have been submitted under that plea. The jury by their verdict found the defendant guilty of larceny as charged in the indictment. They also found that the value of the stolen property exceeded $20. After the verdict was returned, defendant filed a motion in arrest of judgment, on the ground that the verdict was a nullity, for that, as defendant had not pleaded to the indictment, there was no issue which could be tried by the jury. At the same time he also filed a plea of " not guilty." The court overruled the motion in arrest, and pronounced judgment against defendant on the verdict. The single ground on which we are asked to reverse the judgment is that the court erred in overruling the motion in arrest of judgment. We think there are two satisfactory answers to the claim that we should reverse the judgment on this ground.

I.   When the demurrer to the indictment was overruled, defendant had the right at once to put in a plea. Upon his failure to plead, the district court had the power to impanel a jury to inquire and ascertain the degree of the offense, and,

when that question was determined, to enter the proper judgment against him on the demurrer. Code, § 4358. The only question which it was necessary for the jury to determine in order to fix the degree of the offense was whether the value of the stolen property exceed $20. That question was submitted to and determined by the jury, so that, when the judgment was pronounced, nothing was wanting to empower the court to enter the judgment which it did enter. It is true, the court submitted to the jury the question whether defendant was guilty of the offense charged in the indictment. But he was in no manner prejudiced by this. The court need not have submitted that question, but the submission of it could not in any manner have prejudiced the rights of defendant as to the other question which was submitted. It is also true that defendant, at the time he filed the motion in arrest, also filed a plea of not guilty. But he failed to put in a plea when the demurrer to the indictment was overruled, and he made no objection to the action of the court in submitting to the jury for their determination the question which would fix the degree of the offense. There is no pretense that he was ignorant of his rights under the law, or of the effect of the proceeding which was being had in the case; but, on the contrary, he had the assistance at every stage of the proceedings of able and experienced counsel, and the court may well have treated his conduct in failing to enter a plea when his demurrer to the indictment was overruled, and in making no objection to the submission to the jury of the question of the value of the stolen property, as an election to stand upon the demurrer.

II. Treating the proceeding as a trial of defendant on the accusation contained in the indictment, the action of the court, in putting him upon trial without a plea having been entered, was a mere technical error or irregularity which in no manner affected any of his substantial rights. The fact that no plea had been entered was overlooked by the court

and the district attorney, through inadvertence, no doubt. The case was treated, however, at every stage of the proceeding, and by all of the parties, as though a plea had been entered. The allegations of the indictment were all regarded as having been denied by the defendant. The state was required to establish the charge in the indictment by the same character of evidence, and with the same certainty, which would have been required if the formal plea of not guilty had been entered.

The defendant was permitted to introduce evidence to disprove the charge, and his counsel was permitted to argue the case to the jury on its merits, and the jury were required to determine it under the same rules which would have governed in its determination if the plea had been formally entered. We are not required to reverse the judgment of the district court for mere technical errors, or defects in its proceedings which do not affect the substantial rights of the parties, (Code, § 4538;) and we are very clear that the matter complained of is of that character.

AFFIRMED.