THE STATE v. HAYES.

67    27
d95  377
67    27
126  297

1. **Criminal Procedure:** TRIAL WITHOUT PLEA: NO PREJUDICE—NO REVERSAL. Where defendant was given time to plead to the indictment, but he neglected to do so, and through inadvertence the cause went to trial without any plea, but was tried in all respects as if a plea of not guilty had been entered, *held* that defendant was not prejudiced by the irregularity, and that a judgment of conviction upon a verdict of guilty should not be set aside on that ground. *State v. Greene,* 66 Iowa, 11, followed.

2. **Criminal Law:** NUISANCE: SALE OF LIQUORS BY CLERK: INTENTION OF PRINCIPAL: CODE, § 1543. Defendant was charged with nuisance, under section 1543 of the Code, for keeping a place for the unlawful sale of intoxicating liquors. *Held* that if he kept the liquors with the intent that they should be sold only for lawful purposes, and himself made only lawful sales of such liquors, he was not criminally liable on account of unlawful sales thereof made by his clerk,—the unlawful intent being an essential ingredient of the crime.

*Appeal from Story District Court.*

FRIDAY, SEPTEMBER 25.

THE defendant was accused, by indictment, of the crime of nuisance. He was tried by a jury, and found guilty, and the court sentenced him to pay a fine and the costs of the prosecution, and from this judgment he appeals.

*F. D. Thompson,* for appellant.

*A. J. Baker, Attorney-general,* for the State.

REED, J.—I. The indictment was returned on the twenty-third day of August, 1883. Afterwards, during the same term of court, defendant appeared and waived the arraignment, and further time was given him within which to plead, and the cause was continued. At the next term defendant was put upon his trial. It does not appear from the record that

he ever pleaded to the indictment. The cause was tried, however, in every respect as though a plea of not guilty had been entered. It is now insisted that the court erred in placing defendant on trial without a plea to the indictment having been entered. The case, in this respect, is like *State v. Greene*, 66 Iowa, 11, in which we held that the error in putting the accused on trial without a plea having been entered was a mere technical error or irregularity, which did not affect the substantial rights of the parties, and afforded no ground for reversing the judgment. We are satisfied of the correctness of our holding in that case, and, under the rule there laid down, we cannot disturb the judgment in the present case on this ground.

II. It is charged in the indictment that defendant occupied and used a building and place in which he kept intox-

2. CRIMINAL law: nuisance: sale of liquors by clerk : intention of principal: Code, § 1543.

icating liquors, with intent to sell the same contrary to law. It was proven on the trial that defendant was engaged in the business of keeping a drug-store. Also that he was a registered pharmacist, and that he held a permit from the board of supervisors of the county authorizing him to sell intoxicating liquors for medicinal, mechanical, culinary and sacramental purposes. It was also proven that he kept intoxicating liquors in his store, and that numerous sales of such liquors had been made in the place. Some of these sales were made by the defendant in person, while others were made during his absence from the store by a clerk or salesman in his employ. Defendant was examined as a witness in his own behalf, and testified that he kept the liquors which were in his store with intent to sell the same strictly as medicine, and that all sales made by him in person were made on the representations by the purchasers that they desired the liquors for medicinal purposes only. The court instructed the jury that "if the owner or proprietor of any building or place in which intoxicating liquors are unlawfully kept or sold employs any clerk, servant, agent or bar-tender,

or other employe, in conducting or managing, or aiding to conduct or manage, the business of keeping or selling such intoxicating liquors, the owner or proprietor is equally liable for his own unlawful acts, and for the acts of his servant, clerk, agent, bar-tender or other employe, in keeping or selling such liquors unlawfully."

One proposition involved in this instruction is that if the owner or proprietor of the building or place is engaged in the business of selling intoxicating liquors contrary to law, or keeping them with intent to so sell them, he is criminally liable for the unlawful acts of his servant or agent done in the course of the business. The soundness of this proposition cannot be doubted. But an unlawful sale of intoxicating liquors may be made by an agent or servant when such liquors are kept by the principal only for lawful purposes. This would be the case where the principal held a permit to sell for medicinal, mechanical, culinary and sacramental purposes, and kept the liquors with intent that they should be sold only for those purposes, and his agent or clerk should, without his knowledge or authority, make sales of such liquors for other purposes. Under the evidence in this case, the jury might have found that very state of facts, and the instruction, we think, authorized them to convict the defendant on proof of that state of facts.

The question, then, is whether defendant, if he kept the liquors with intent that they should be sold only for lawful purposes, and himself made only lawful sales of such liquors, is criminally liable on account of unlawful sales thereof by his clerk. The offense of which defendant is accused is defined by section 1543 of the Code, which is as follows: "In cases of the violation of the provisions of the three preceding sections, or of section 1525, of this chapter, the building or erection of whatever kind, or the ground itself, in or upon which such unlawful manufacture or sale, or keeping with intent to sell, of intoxicating liquors is carried on or continued or exists, is hereby declared a nuisance, and may

be abated as the law directs. And, in addition to the penalties prescribed in said sections, whoever shall erect or establish or continue or use any building, erection or place for any of the purposes prohibited in said sections shall be deemed guilty of a nuisance, and may be prosecuted and punished accordingly in the manner provided by law.     *    *   *" The preceding sections to which reference is made are those which prescribe the penalties which shall be inflicted for the manufacture or sale, or keeping for sale, of intoxicating liquors contrary to the provisions of the chapter. Section 1540 provides that if any person, by himself, or by his agent or servant, shall sell any intoxicating liquors contrary to the provisions of the chapter, he shall be deemed guilty of a misdemeanor, and shall be punished by fine and imprisonment; and section 1542 prescribes a penalty for owning or keeping such liquors with intent to sell the same contrary to law.

It will be observed that the first provision of section 1543, quoted above, defines the conditions or circumstances which will render the building or place a nuisance and subject it to abatement, and that the following provision points out the particular acts which will subject the person committing them to the punishment prescribed by law for the crime of nuisance. The building or erection is rendered a nuisance by the act of keeping intoxicating liquors in it, with intent to sell the same contrary to law, or by the unlawful sale thereof such liquors. And it is not doubted that it may be rendered a nuisance by the unauthorized act of the agent or servant of the proprietor or owner in selling intoxicating liquors in it contrary to law, when the motives and intentions of the proprietor are all lawful. But by the other provision the owner or proprietor is subjected to the punishment prescribed by law for the crime of nuisance, when he uses or occupies the building or place "for any of the purposes prohibited in said sections;" that is, he is guilty of the offenses if he uses or occupies the place for the purpose of keeping

intoxicating liquors with intent to sell the same contrary to law, or if he occupies it for the purpose of selling such liquors contrary to law. Now, it cannot be said that he occupies it for a particular purpose, unless he intends to accomplish that purpose by occupying it. He does not occupy it for the purpose of selling intoxicating liquors contrary to law unless he intends to sell such liquors unlawfully. He is not, therefore, guilty of the crime of nuisance on account of the unlawful sales of liquor in his store by his clerk, unless he occupies the place, or carries on the business, for the purpose of making such sales. In other words, an unlawful intent on his part is an essential ingredient of the crime.

We think, therefore, that the instruction is erroneous, and the judgment is accordingly

REVERSED.