The State v. Bowman.

THE STATE v. BOWMAN *et al.*

1. **Criminal Law:** INDICTMENT: MISNOMER: NO ENTRY OF ARRAIGNMENT AND PLEA. One of the defendants was named in the indictment as G. M. B., but the person tried and convicted was G. J. B. The record is silent as to the arraignment of G. M. B., and as to the plea put in by him, but there is no showing that G. J. B. was not present at the trial and fully identified; and, as the cause was tried in all respects as if a plea of not guilty had been put in, it must be regarded as a trial as to G. J. B., and the failure to have the record show that the arraignment was made or waived, and plea put in, was a mere irregularity, not prejudicial to the defendant. (Compare *State v. Green,* 66 Iowa, 11.)

2. ——: ——: ——: INSTRUCTION. In such case the court properly instructed that it was immaterial whether the indictment described the defendant by the proper middle initial letter or not, but that the jury should determine whether the person on trial did or did not commit the offense charged, and find him innocent or guilty accordingly, without any reference to the variation in the name by which he was known or described; but that they should acquit if they had any reasonable doubt as to the act or the person.

3. **Intoxicating Liquors:** SALES IN ORIGINAL IMPORTED PACKAGES: LEGALITY. The sale of intoxicating liquors in original imported packages, which consist of small boxes containing pint and quart bottles, is a violation of the laws of the state. (*Collins v. Hills,* 77 Iowa, 181, and subsequent cases, *followed.*)

*Appeal from Marshall District Court.*—HON. S. M. WEAVER, Judge.

FILED, OCTOBER 17, 1889.

THE defendants were indicted, tried and convicted of the crime of keeping and maintaining a liquor nuisance, and they appeal.

*Parker & Nichols*, for appellants.

*J. Y. Stone*, Attorney General, and *W. W. Miller*, County Attorney, for the State.

ROTHROCK, J.—I. The indictment named one of the defendants as George M. Bowman. It appears from the evidence that there are two Bowmans named George. One is an old man, and his name with the middle initial is George M. Bowman. The other is a young man, named George J. Bowman. It is evident from the testimony of the witnesses in the case that the young man was the one who sold part of the liquor, and was engaged in keeping the alleged nuisance. The record shows that the defendant John A. Bowman was arraigned and pleaded not guilty; but it is silent as to an arraignment of George M. Bowman, or as to the plea put in by him. It is claimed he has never had his day in court for that reason. There is no showing that the real party charged was not present at the trial and fully identified, and the proceeding must be regarded as a trial as to him. The cause appears to have been tried, in all respects, as if a plea of not guilty had been put in. The failure to have the record show affirmatively that the arraignment was made or waived, and plea put in, is a mere irregularity, not prejudicial to the defendant. *State v. Greene*, 66 Iowa, 11.

*1. CRIMINAL law: indictment: misnomer: no entry of arraignment and plea.*

Complaint is made of an instruction given by the court to the jury, which was as follows: "Some question has arisen on the trial as to the identity of the George Bowman referred to by the witnesses. It is immaterial whether the indictment describes the defendant by the proper middle initial letter or not. The question for the jury to determine is whether the person who is being tried did or did not commit, or assist, aid or abet in the commission of, the offense charged. If you find from the evidence that he did so commit, or assist, aid or abet in the commission of, the offense, you should find

*2. ——: ——: ——: instruction.*

him guilty, without reference to any variation in the name by which he is known or described. If, however, you have any reasonable doubt as to the act, or as to the person, then you should acquit."

It is claimed that the instruction should have directed the jury that it was George M. Bowman who was being tried, instead of some person identified, though his name might vary from that in the indictment. It appears to us, in view of the apparent confusion in names, that the instruction was proper. The variance was immaterial, and the court rightly directed the jury to consider the evidence as applicable to the person who was on trial, or being tried. It was identity of person rather than technical nicety as to names which the jury were rightfully directed to consider.

II. It is claimed that the defendants were not guilty, because they sold liquors only in original packages.

3. INTOXICATING liquors: sales in original imported packages: legality. The packages consisted of pint and quart bottles put up in small boxes and shipped from Chicago, and they were sold without breaking the boxes, and just as they were when received. It was determined by this court in the cases of *Collins v. Hills*, 77 Iowa, 181, and in *Grousendorf v. Howat*, 77 Iowa, 187, and in *Leisy v. Hardin, ante*, p. 286, that sales of intoxicating liquors in the same way as they were sold in this case are forbidden by the laws of this state.

Following the cited cases, the judgment of the district court will be AFFIRMED.