THE STATE OF IOWA, Appellee, v. H. KUNHI, Appellant.

Prosecution For Rape: EVIDENCE INSUFFICIENT AS TO TIME OF OFFENSE. Evidence in a prosecution for rape examined and held insufficient to show that the offense was committed within eighteen months prior to the indictment.

Time When Offense Committed: INSTRUCTION REGARDING. Failure of the court to instruct the jury as to the time limit within which the offense must have been committed, especially where the testimony is not clear on the question of time, is prejudicial error.

*Appeal from Scott District Court.*—Hon. James W. Bol-
linger, Judge.

WEDNESDAY, FEBRUARY 4, 1903.

INDICTMENT and conviction for rape. Defendant ap-
peals.—*Reversed.*

*Tom H. Milner* for appellant.

*C. W. Mullan*, Attorney General, and *C. A. Van
Vleck*, Assistant Attorney General, for the State.

WEAVER, J.—To justify a conviction under the indict-
ment, it was necessary for the state to prove that the
alleged offense was committed at some time within eighteen
months immediately preceding the date of
the indictment. We find in the record no
evidence whatever upon this point. The
prosecuting witness, who is the daughter of appellant,
and a child of tender years, testifies that the act was
done while she was living in "Mrs. Kay's house," but
does not attempt to state the date, nor does she reveal
any other fact from which we may infer it. There is
evidence tending to show that in May preceding the trial
the child was found to be suffering with a venereal disease,
and that defendant, while in jail, was found to have a
similar disease. This evidence is relied upon by the state
as tending to corroborate the complaining witness; but,
even if such is its effect, the corroboration goes only to
the fact of intercourse, and affords no apparent aid to the
court or jury in fixing the date of the contact by which
the infection was accomplished. There was nothing shown
to indicate, nor do the physicians testifying undertake to
say, whether the disease as it appeared in either the man
or girl was of recent or remote origin. So far as we may
know from any fact disclosed, either or both may have been

1. EVIDENCE insufficient as to time of offense.

diseased from a time antedating the period covered by the indictment. Indeed, the time of the alleged crime being unproven, there is nothing in the record tending to show that defendant was diseased at the time of the particular criminal act relied upon to sustain the conviction.

The court also failed to instruct the jury as to the time limit within which the crime must be shown to have been committed in order to justify a verdict of guilty.

2. TIME when offense committed: instruction regarding. It is, of course, not necessary to allege a precise date in the indictment, and, if alleged, it need not be proven as laid, provided only that the crime be shown to have been committed at some date within the period when the statute makes such prosecution allowable. Code, section 5258; *State v. Moore*, 78 Iowa, 449; *State v. Deitrick*, 51 Iowa, 467; *State v. Kirkpatrick*, 63 Iowa, 554. To make any given offense indictable, and authorize the court to entertain a prosecution therefor, the jury must be able from the evidence to find not only that the criminal act was committed, but that it was committed within the jurisdiction of the court, and within the time limit which the statute places upon such proceedings. It is also the settled practice, and, we think, the duty, of the trial court in all such cases to direct the jury that, unless the alleged offense be shown to have been committed within the statutory limitation, a conviction cannot be had. *State v. Whalen* 98 Iowa, 66 The omission of such instruction in the present case was, no doubt, an oversight, but we think it constitutes prejudicial error. We can readily conceive of cases where this failure might be thought to be without prejudice, but such instances do not include a case where, as in the one at bar, the testimony is not inconsistent with the possibility that the statute of limitations has intervened.

II. It is also urged that there was no sufficient corroboration of the testimony of the complaining witness.

In view of the failure of proof to which we have adverted concerning the time of the alleged offense, we think this objection is well taken. As this feature of the case may be changed upon a retrial, we think it unnecessary to further discuss it here.

Other objections raised by appellant are, in our judgment untenable.

For the reasons stated, the judgment of the district court is reversed, and cause remanded for a new trial.— Reversed.