THE STATE OF IOWA v. JOHN HEFT, Appellant.

**Criminal law:** FAILURE TO RULE ON DEMURRER: HARMLESS ERROR. Failure to determine a demurrer to an indictment before the trial was not prejudicial to the defendant, where the same questions were raised in a motion in arrest of judgment and decided adversely to defendant, and the attention of the court was not called to the pendency of· the demurrer.

**Same:** FAILURE OF DEFENDANT TO PLEAD: WAIVER OF IRREGULARITY. The formal entry of a plea of guilty is immaterial where the defendant has in fact appeared in person and by counsel, and consented to the trial by contesting the prosecution in all its phases, and offering evidence in defense without suggesting any irregularity arising from failure to plead until after the return of a verdict of guilty; and failure to require defendant to plead under such circumstances is not ground for a motion in arrest of judgment.

**Same:** APPEAL: REVIEW OF ERROR. Where the defendant fails to call the attention of the court to an error or irregularity which might have been taken advantage of before verdict, and which is not of such a character as to affect the merits of the case to defendant's prejudice, the appellate court will not consider the same.

**Same:** FAILURE TO ENDORSE INDICTMENT: WAIVER OF DEFECT. Where the record shows that an indictment was presented in open court in the presence of the grand jury by their foreman, and filed in the presence of the court and the presence of the grand jury and endorsed and signed by the clerk of the court, a failure of the foreman to sign the printed endorsement on the back of the indictment that it was a true bill, as required by statute, is not such an irregularity as can be raised for the first time by motion in arrest of judgment or on appeal; but the objection must be raised by motion to set the indictment aside or the defect is waived if not so taken advantage of before trial.

**Jurors:** QUALIFICATION: DISCRETION. Where a juror declares his willingness to accept the instructions of the court and to try the case in accordance therewith without prejudice to the accused, his affirmative answer to a hypothetical question that it would require more evidence on the part of the accused to estab-

lish his innocence because of the close relationship of the parties than it would had the relationship been more remote, does not establish such disqualification as to require a reversal of the overruling of a challenge for cause.

**Same:** EXAMINATION OF JURORS: DISCRETION. Where a juror was examined and cross-examined by counsel and was also examined by the court, refusal to permit further examination was discretionary, in the absence of a suggestion from counsel that he desired to question the juror on any new subject.

**Same:** REMARKS OF COURT: PREJUDICE. The remarks of the court upon the examination of a juror merely indicating that the question contained an erroneous legal assumption was not prejudicial to the accused.

**Same:** EXAMINATION OF WITNESSES ON NOTICE. Where it appeared from the examination of a witness that she was not before the grand jury in support of the particular indictment under which defendant was being tried, but was examined by the grand jury in another charge against defendant, her testimony upon notice was properly received over an objection that her name was not endorsed upon the indictment and the minutes of the testimony were not returned and filed therewith.

**Same:** ISSUES AND PROOF: DATE OF OFFENSE. The state is not confined to proof of the crime charged on the exact date named in the indictment, but may show its commission on any date within the statutory period prior to the finding of the indictment.

**Same:** EVIDENCE OF OTHER LIKE OFFENSES: INSTRUCTIONS. On a prosecution for incest an instruction that evidence of other acts of intercourse could only be considered on the question of whether defendant was guilty of the alleged act of intercourse relied upon by the state was not objectionable, as leaving the jury at liberty to convict if they believed defendant guilty of intercourse with the prosecutrix at any time, where the court also charged that evidence of other alleged acts was only admitted and could only be considered on the question of defendant's disposition and inclination to commit the crime, and unless they found defendant guilty of the specific act relied upon he should be acquitted.

**Incest.** In prosecutions for incest evidence of prior acts of intercourse between the parties is admissible.

**Same:** EVIDENCE: INSTRUCTIONS. Immaturity of a minor on a prosecution for incest may be considered as throwing some light on the question of voluntary consent; and an instruction permitting consideration of the age of a minor in determining her ability to discriminate between right and wrong was proper.

**Same:** CORROBORATING EVIDENCE: INSTRUCTION. It is not necessary on a prosecution for incest that all the language of the statute should be embodied in an instruction to clearly state the necessary characteristics of the corroborating evidence.

**Same:** REASONABLE DOUBT: INSTRUCTION. On a prosecution for incest the paternity of a child born to the prosecutrix is not a fact necessary to the establishment of the crime charged; and an instruction that if there was a reasonable doubt that if defendant was the father of the child the same would constitute a reasonable doubt that defendant was guilty of the crime charged and should be acquitted was properly refused.

**Same.** Where the only issue in the case was whether accused was guilty and the court made that fact plain by its instructions, an instruction on the subject of reasonable doubt was not objectionable because failing to tell the jury that if they entertained a reasonable doubt on any material issue they should acquit.

*Appeal from Buchanan District Court.*—HON. F. C. PLATT, Judge.

TUESDAY, MARCH 5, 1912.

UNDER an indictment for incest alleged to have been committed by having carnal intercourse with his daughter, the defendant was tried and convicted and sentenced to imprisonment in the penitentiary. From this conviction the defendant appeals.—*Affirmed.*

*Cook & Cook,* for appellant.

*George Cosson,* Attorney-General, and *John Fletcher,* Assistant Attorney-General, for the State.

McCLAIN, C. J.—The prosecuting witness testified that at various times and repeatedly from the year 1905 until 1909, in which year this indictment was found, the defendant, her father, had sexual intercourse with her, and that this intercourse resulted in the birth of a child. As to two or three of these acts of intercourse, the testimony of the

prosecutrix was corroborated by that of her younger sister, and the prosecution, on being required to elect, relied upon an act committed, according to the testimony of prosecutrix, on the 24th day of December, 1908, when she was past seventeen years of age. As to this particular transaction, her testimony was corroborated by that of her sister, which tended to show that the intercourse was without the consent of the prosecutrix, and brought about by threats of violence on the part of the defendant. The defendant testified in his own behalf, denying all acts of intercourse and all improper relations with the prosecutrix, and imputing to her conduct tending to show improper relations with boys of about her own age. There was also testimony for defendant as to his physical characteristics and those of the mother of the prosecutrix and of the prosecutrix herself and her brothers and sisters, and a stipulation as to the color of the hair of the infant born to the prosecutrix, on which physicians, testifying as experts in the matter of heredity, predicated answers to hypothetical questions indicating a high improbability that the infant was the result of intercourse between prosecutrix and her father. There was also testimony as to the good moral character of the defendant in the community.

It appears that in February, 1909, this defendant was indicted for rape committed upon his daughter Clara, a girl under fifteen years of age at the time the alleged offense was committed, and that in this prosecution the daughter Minnie, who is the prosecutrix in the present case, was a witness for the state. In that case the defendant was convicted, but on appeal the conviction was set aside on the ground that the record did not show the corroboration required in a prosecution for rape. *State v. Heft*, 148 Iowa, 617. At the same term of court, and by the same grand jury which returned an indictment charging the defendant with rape on his daughter Clara, an indictment was returned charging incest with the daughter Minnie, and after the reversal in the other case, and at the February term, 1911, the

defendant was put on trial under that indictment. It further appears that before the defendant was put on trial, though whether at a preceding term or at that term is not made to appear, a motion to set aside the indictment for incest, on grounds not stated in the record, was overruled and a demurrer to the indictment on the ground that it did not sufficiently charge the commission of a crime was filed, which had not been ruled upon by the court when the trial was had. The record does not show an arraignment of the defendant nor the interposition of any plea by him, but it does show that, after the jury was selected and sworn, counsel for defendant made an opening statement in his behalf to the effect that the statement of the case by the county attorney in opening was not correct and true, and that, until the state's evidence was introduced, the defendant would not know what he would have to meet. Thereupon the trial proceeded with the introduction of evidence on behalf of the state and on behalf of the defendant.

I. By motion in arrest of judgment after verdict, counsel for defendant raised the question whether under the record showing a demurrer pending at the time the trial was commenced and remaining undisposed of until after the verdict was returned, and failing to show any arraignment of or plea by the defendant, there could be a valid conviction and sentence.

As to the pendency of the demurrer, it is sufficient to say that the grounds therein stated were not such as to justify the court in sustaining it, and that the defendant suffered no prejudice from the failure of the court to make a formal ruling thereon. Of course, the orderly procedure would have been to rule on the demurrer before putting the defendant on trial; and no doubt the court would have made a ruling on the demurrer if it had been called to its attention. But it nowhere appears that the pendency of the demurrer was called to the attention of the court until after the rendition

1. CRIMINAL LAW: failure to rule on demurrer: harmless error.

of the verdict, and we are unwilling to hold that this merely technical irregularity in the procedure could vitiate the result of the trial. Insufficiency of the indictment was made a ground of objection in the motion in arrest of judgment, the objections urged in the demurrer being repeated, but counsel have nowhere contended in argument on this appeal that the court erred in holding the objections thus made to the indictment to be without merit. So far as counsel now contend, the indictment was in substance sufficient to charge the crime for which defendant was tried. Under the circumstances, we must hold that no error of which the defendant can complain was committed by putting him on trial without ruling upon the demurrer.

But the real contention for the defendant in this respect seems to be that after demurring to the indictment he was not required to plead, and did not plead, so far as to raise an

2. SAME: failure of defendant to plead: waiver of irregularity.

issue of fact triable to a jury, and that the subsequent proceedings in the nature of a trial without any issue presented to be tried was ineffectual and void, and that no sentence could be passed on a verdict returned in such trial. Many authorities are cited from other states in support of this proposition, and, without referring to these authorities at length, it may be conceded that at common law there can be no conviction under a verdict in a case in which there has been no plea made by the defendant or entered for him raising an issue of fact. *Crain v. United States,* 162 U. S. 625 (16 Sup. Ct. 952, 40 L. Ed. 1097); *Parkinson v. People,* 135 Ill. 401 (25 N. E. 764, 10 L. R. A. 91); *People v. Monaghan,* 102 Cal. 229 (36 Pac. 511); *State v. Walton,* 50 Or. 142 (91 Pac. 490, 13 L. R. A. (N. S.) 811), and notes. In this state, however, there has been a consistent effort by legislation and by decisions of the courts in accordance with the spirit of such legislation to avoid the necessity of setting aside verdicts for technical errors or irregularities in the procedure which have been in no way

prejudicial to the defendant by depriving him of full opportunity to make defense to the charge presented in the indictment on which he has been tried. It is unnecessary here to refer specifically to the numerous statutory provisions manifestly intended to cut off merely technical objections which do not in any way go to the merits of the case. They are well known to the profession. But specifically with reference to the necessity of a pleading by the defendant it is provided that, if the defendant fails or refuses to plead, a plea of not guilty must be entered by the court (Code section 5336), and our reports from the volume containing the decisions of the Supreme Court of the territory down to the present are full of cases in which it has been expressly held or necessarily assumed that the formal entry of a plea of not guilty is immaterial, where the defendant has in fact appeared and submitted to trial on the charges contained in an indictment. *Wau-kon-chaw-neek-kaw v. U. S.,* Morris, 332; *State v. McCombs,* 13 Iowa, 426; *State v. Winstrand,* 37 Iowa, 110; *State v. Foster,* 40 Iowa, 303; *State v. Greene,* 66 Iowa, 11; *State v. Hayes,* 67 Iowa, 27; *State v. Jones,* 70 Iowa, 505; *State v. Bowman,* 78 Iowa, 519; *State v. Thompson,* 95 Iowa, 464; *State v. Corwin,* 151 Iowa, 420. There are cases to the same effect in other states. *State v. Glave,* 51 Kan. 330 (33 Pac. 8); *State v. Straub,* 16 Wash. 111 (47 Pac. 227); *Hayden v. State,* 55 Ark. 342 (18 S. W. 239); *Gaines v. U. S.,* 1 Ind. T. 296 (37 S. W. 98); *State v. Reddington,* 7 S. D. 368 (64 N. W. 170); *Spicer v. People,* 11 Ill. App. 294; *Bryans v. State,* 34 Ga. 323; *Hudson v. State,* 117 Ga., 704 (45 S. E. 66); *Allyn v. State,* 21 Neb. 593 (33 N. W. 212); *People v. Osterhout,* 34 Hun (N. Y.) 260; *People v. McHale,* 15 N. Y. Supp. 496; *People v. Bradner,* 107 N. Y. 1 (13 N. E. 87); *Commonwealth v. McKenna,* 125 Mass. 397; *United States v. Malloy* (C. C.) 31 Fed. 19.

In short, it appears from the record by affirmative recital or by necessary implication arising out of the pre-

sumption of regularity in the proceedings that defendant was properly charged by indictment with the crime of incest; that he was arraigned on this charge; that, being personally present in court and represented by counsel, he consented that the case be tried as on a plea of not guilty, examining jurors as to their qualification to try him for this specific offense, and interposing repeated objections to the evidence offered against him on the ground that it was not admissible on the trial for the specific crime charged; that he introduced evidence to support his defense to the crime charged, testifying himself as a witness; and that not until after the jury returned a verdict against him did he intimate that there was any irregularity or insufficiency in the preliminary steps designated by the statute as proper for the purpose of raising an issue of fact as to his guilt. Unless, therefore, there is specific authority in the section of the Code relating to arrest of judgment for raising the objection now raised to the irregularity or insufficiency of the proceedings, we must hold that objections thereto have been waived. The provision of the Code as to motion in arrest of judgment is as follows: "Sec. 5426. A motion in arrest of judgment is an application to the court in which the trial was had, on the part of the defendant, that no judgment be rendered on a verdict against him, or on a plea of guilty, and shall be granted: (1) Upon any ground which would have been ground of demurrer; (2) When upon the whole record no legal judgment can be pronounced." As already indicated the motion in arrest in this case did not state any sufficient ground of demurrer.

An objection was made that the indictment was not indorsed a true bill by the foreman of the jury; but the sufficiency of this objection will hereafter be noticed. A further objection was made that defendant had not been given a trial upon his demurrer which remained still pending and undecided, but this objection has already been disposed of. The further objection was made that defendant

was never called upon to plead, and that no plea of not guilty had been entered. As already indicated, this was not a ground on which the court could hold that no legal judgment could be pronounced.

We necessarily reach the conclusion, without discussing in detail the various arguments and citations of authority by which counsel attempt to support the contention that the motion in arrest of judgment should have been sustained, that the court did not err in overruling such motion. We have often noticed with dissatisfaction and surprise and sometimes commented upon the carelessness of counsel representing the state in failing to observe the plain directions of the statute as to how a criminal prosecution should be conducted, and how the record should be prepared in case of an appeal. The conviction of this defendant in the prosecution for rape was set aside on account of a failure of the record to show a corroboration in the evidence which we had reason to think might have been shown if the record had been correctly presented to this court.

In some cases the objections raised by the defendant on appeal are of such nature that, although apparently somewhat technical, they go to the very essence of the case as tried by the jury. But, under the provision that, in the case of an appeal by the defendant, this court "must examine the record without regard to technical errors or defects which do not affect the substantial rights of the parties and render such judgment on the record as the law demands" (Code, section 5462), we have uniformly refused and must continue to refuse, to grant a reversal for technical errors which it is manifest from the record could not have prejudicially affected the defense. If an error or irregularity which the defendant might have taken advantage of by calling the court's attention thereto before verdict is not thus brought to the court's attention, and is not of such character as to require the granting of a new trial or the sustaining

3. SAME: appeal:
   review of
   error.

of a motion in arrest of judgment, then we do not consider it on appeal, unless it is of such character as to have affected the merits of the case to defendant's prejudice.

II. In defendant's motion for arrest of judgment the specific point is made for the first time in the case that the record does not show a compliance with the statutory pro-

4. SAME: failure to endorse indictment: waiver of defect.

vision that "every indictment must be indorsed 'a true bill,' and the indorsement signed by the foreman of the grand jury." Code, section 5274. It does appear from the record that "this bill of indictment was presented in open court in presence of the grand jury by their foreman, and is now filed in presence of the court and in presence of the grand jury this 23d day of February, A. D. 1909." This recital found on the back of the indictment itself is signed by the clerk of the court into which the indictment was returned and in which the defendant was tried. In the face of such recital, the failure of the foreman to sign an indorsement printed on the back of the indictment that it was "a true bill" can not be regarded as an irregularity of such vital nature that it can be successfully raised for the first time in a motion for arrest of judgment or on appeal to this court. There is a specific provision as to the time and manner for raising such an objection. A ground for motion to set aside the indictment before demurrer or plea is that the indictment "is not indorsed 'a true bill' and the indorsement signed by the foreman of the grand jury as prescribed by this Code." Code, section 5319. The record shows that the defendant did at a proper time move to set aside the indictment, but it does not appear that this ground was relied upon in the motion, and there is no complaint of the action of the court in overruling such motion. It is plain, therefore, that the defendant either failed to raise the objection in the method pointed out by statute, or, having raised it, acquiesced in the ruling of the court that the objection was not in fact well taken. There is nothing in the section re-

lating to motion in arrest of judgment already quoted which would justify the inference that it was the intention of the Legislature that such an objection as this, not interposed at the time and in the method prescribed by the statutes relating to criminal procedure, can be relied upon as a ground for arrest. On the contrary, it has been held in this jurisdiction that failure of the foreman of the grand jury to indorse the indictment as "a true bill" is not a fatal defect in the proceedings where it otherwise appears that the grand jury returned the indictment into court, and that such defect is waived if not taken advantage of before trial. *Wau-kon-chaw-neek-kaw v. U. S.,* Morris, 332; *Hughes v. State,* 4 Iowa, 554. And it has been so held in other jurisdictions. *Frisbie v. U. S.,* 157 U. S. 160 (15 Sup. Ct. 586, 39 L. Ed. 657); *State v. Agnew,* 52 Ark. 275 (12 S. W. 563); *State v. Brannan,* 206 Mo. 636 (105 S. W. 602). Many other authorities might be cited in support of this proposition, but in the cases which we have cited there are ample references to other cases in which the same conclusion has been reached. Counsel have called our attention to a few cases apparently not well considered in which the opposite conclusion is announced. See, for example *Nomaque v. People,* Breese (1 Ill.) 145 (12 Am. Dec. 157); *Whitley v. State,* 166 Ala. 42 (52 So. 203); *State v. Logan,* 104 La. 254 (28 So. 912). Cases holding that a motion to quash on this ground should be sustained are, of course, not here in point. See *Cole v. State,* 169 Ind. 393 (82 N. E. 796); *State v. Buntin,* 123 Ind. 124 (23 N. E. 1140).

III. Four members of the panel called in the selection of jurors were challenged for cause by the defendant, and the action of the court in overruling the challenges is relied upon as constituting an error requiring a reversal. The only showing of disqualification made on the examination was an affirmative answer by each of the jurors in question to an interrogatory propounded by counsel for defendant, as follows:

5. JURORS: qualification: discretion.

"Q. The defendant is accused of having had intercourse with his daughter. Now, would it require to your mind more evidence to be put forth on the part of the defendant in order to establish his innocence on account of the close relationship between the parties than it would if the person with whom he is accused of having intercourse is a cousin, or some more remote relation than a daughter?" When this question was first propounded to one of the veniremen, the court called counsel's attention to the fact that it assumed the burden would rest upon the defendant to establish his innocence, and was not therefore a fair statement of the law. The court, however, allowed the same question to be asked of other veniremen, who also answered it in the affirmative. These answers constitute the only showing of such prejudice or preconceived opinion as would disqualify the person interrogated for acting as a juror in the case. It is evident that the answers did not show any specific disqualification such as is contemplated by Code, section 5360, as a ground for challenge for cause. On cross-examination by counsel for the prosecution and by the court, these members of the panel showed that they were wholly disinterested in the case, and that they were perfectly willing to accept and abide by the instructions as to the law which the court might give them. Under such circumstances, the exercise of discretion on the part of the trial judge in overruling the challenge for cause should not be interfered with on appeal. This rule has so often been announced by this court that a reference to but few authorities is sufficient to vindicate it as applied to this case. *State v. Hassan,* 149 Iowa, 518; *State v. Fielding,* 135 Iowa, 255; *State v. Brown,* 130 Iowa, 57. These cases and many others which might be cited have reference to an apparently preconceived opinion as to the guilt or innocence of the defendant on trial which on cross-examination has been made to appear not to be such as to prevent the juror from rendering a true verdict on the evidence introduced and the law as given by the court. Much

less persuasive as tending to show prejudice disqualifying the juror is an erroneous view as to the hypothetical effect of certain evidence which it is assumed by counsel may be introduced in the case. Questions of this character may no doubt be properly asked for the purpose of enabling counsel to exercise intelligently the privilege of peremptory challenge, but it would certainly require quite a strong showing to justify the sustaining of a challenge for cause on a mere preconceived error as to the effect to be given to evidence which may be introduced. However this may be, the veniremen thus challenged so fully expressed their willingness and ability to try the case in accordance with the instructions of law given by the court that no possible prejudice to the defendant in their acting as jurors could be inferred. We certainly would hesitate long before reversing a case on a merely hypothetical impression as to the persuasiveness of certain proposed evidence raised by ingenious interrogatories propounded by counsel. The cases relied on for appellant as to this assignment of error relate to prejudice or preconceived opinion as to the guilt of the defendant on trial. See *State v. John,* 124 Iowa, 230; *State v. Crofford,* 121 Iowa, 395; *Wilson v. State,* 87 Neb. 638 (128 N. W. 38).

After these veniremen had been examined by counsel for the defendant as above indicated and cross-examined by counsel for the prosecution and by the court, counsel for the 
6. SAME: examination of jurors: discretion. defendant in each case requested permission to put a question or two more to each of them, which request was by the court denied. As counsel did not indicate a desire to question the veniremen on any new subject, we think the court was fully within the exercise of its discretion in refusing to allow further examination by counsel for the defendant.

In this connection complaint is made of the remarks of the court with reference to the questions presented to the veniremen by counsel for defendant as erroneous and pre-

judicial. We see no basis for this complaint. The court simply indicated to counsel what is manifestly true, that the question contained an erroneous assumption as to the law. At no stage of the case would there be any burden upon the defendant to establish his innocence. We can not see how the veniremen who became jurors could have received any erroneous impressions or impressions prejudicial to the defendant from the remarks made by the court to the counsel in their presence, with reference to the propriety of the question propounded.

7. SAME: remarks of court: prejudice.

IV. When Clara Heft, a younger sister of the prosecuting witness, was called to testify in behalf of the prosecution, objection was made that she had been a witness before the grand jury, and that her name was not indorsed on the back of the indictment, and the minutes of her testimony were not returned and filed with the indictment as required by Code, section 5373. This objection was properly overruled so far as the record presented on this appeal discloses the facts, for the reason that it did not appear in any manner that she had been a witness before the grand jury in this case. But on cross-examination counsel for defendant elicited the fact that the witness had testified before the grand jury against her father soon after his arrest and that she had signed her name to a paper purporting to be the minutes of such testimony, and counsel then renewed the objection that she was not a competent witness. On redirect examination, the witness stated that she had only testified once before the grand jury, and that such testimony was in her own case, and she signed but one paper. This clearly negatived the conclusion sought to be drawn from her cross-examination that she had been a witness before the grand jury in regard to the finding of the present indictment. In the absence of any other showing, we could not hold that there was error in allowing her to testify on notice properly

8. SAME: examination of witnesses on notice.

given that she would be called as a witness in this case. We are inclined to the view expressed by the trial court that, irrespective of whether she was examined before the grand jury with reference to the charge, the prosecution might use her as a witness on notice given in accordance with the provisions of Code, section 5373, but, in view of the condition of the record, we do not find it necessary to pass upon that question. Cases cited by appellant's counsel relate to statutory provisions quite different from those found in our Code, and need not be more fully referred to.

V. The prosecution was allowed to introduce evidence as to sexual intercouse between the defendant and the prosecutrix at other times than on the date described in the indictment, and, on requiring the prosecution to elect as to which of the acts of intercourse it would rely upon, it elected to rely upon a transaction on the 24th day of December, 1908, which was a date later than that named in the indictment, but prior to the date of the finding of the indictment. It is now contended that objections to the testimony as to acts of intercourse subsequent to the date named in the indictment were erroneously overruled. The indictment charged that the crime was committed "on or about the 3d day of September, 1908." It is elementary that the prosecution is not confined to proof of the crime on the exact date named in the indictment, but may show its commission on any date within the statutory period of limitations prior to the finding of the indictment. *State v. Kirkpatrick,* 63 Iowa, 554; *State v. Moore,* 78 Iowa, 494; *State v. Kunhi,* 119 Iowa, 461; *State v. More,* 115 Iowa, 178. The objections now urged to the competency of the evidence as to the transactions to which the prosecuting witness was allowed to testify are wholly without merit. The cases relied on for appellant on this proposition are so plainly not in point that it is unnecessary to discuss them.

9. SAME: issues and proof: date of offense.

VI. In an instruction the court directed the jury that evidence introduced on behalf of the state to prove other acts of sexual intercourse between defendant and the prosecutrix could only be considered as bearing on the question whether defendant was or was not guilty of the alleged act of intercourse relied upon by the prosecution for conviction. This instruction is criticised on the ground that it left the jury at liberty to convict if they believed that the defendant had intercourse with the prosecutrix at any time. This complaint is wholly without merit, for the court proceeded in the same instruction to say that evidence of other alleged acts of sexual intercourse was only admitted, and could only be considered, as bearing upon the disposition and inclination of the defendant, and, unless the jury found the defendant guilty of the specific act relied upon, he should be acquitted. The instruction as a whole correctly stated the law applicable to such a case.

10. SAME: evidence of other like offenses: instructions.

In a prosecution for incest, evidence of prior acts of sexual intercourse is admissible. *State v. Judd,* 132 Iowa, 296; *State v. Hurd,* 101 Iowa, 391; *State v. Wood,* 33 Wash. 290; *State v. De Masters,* 15 S. D. 581 (90 N. W. 852). There seems to be a conflict in the authorities as to whether acts of intercourse subsequent to the one for which the defendant is being tried may be proven; but in this case there is no objection relied on relating to any intercourse later than the 24th day of December, and we have no occasion to discuss the law as to the admissibility of proof of subsequent relations.

11. SAME.

VII. The case was presented to the jury on the theory that voluntary submission by the prosecutrix to intercourse with the defendant would render her an accomplice whose testimony must be corroborated as provided in Code, section 5489. This seems to be in accordance with the weight of authority. I Enc. P. & P. 558. The jury was instructed that, in deter-

12. INCEST: evidence: instructions.

mining whether prosecutrix consented to unlawful intercourse with her father, it was proper to consider the testimony regarding her age and power by reason of her age to discriminate right from wrong, her condition in life, and the fact that the accused was her father, together with all the facts and circumstances bearing upon the question of voluntary consent. The complaint of this instruction is that, as the prosecutrix was more than fifteen years of age when the intercourse relied upon by the prosecution took place, there could be no question as to her power to discriminate between right and wrong. This complaint is without merit. Certainly so long as the condition of minority existed the immaturity of the prosecutrix could be taken into account as throwing some light on the question of her voluntary consent.

The instruction as to the necessity of corroboration if the prosecutrix was an accomplice sufficiently presented to the jury the requirement and effect of the statute. It

13. SAME: corroborating evidence: instruction.

was not necessary that all the language of the statute should be embodied in the instruction in order to make plain to the jury the necessary characteristics of the corroborating evidence. There was some evidence that the intercourse for which conviction was sought was brought about by threats of the defendant. The effect of threats as depriving the intercourse of the character of a voluntary intercourse was stated in an instruction which was correct and sufficient to guide the jury in applying the evidence on that subject.

VIII. A portion of the instruction given relating to the evidence of defendant's good character is criticised, but on reading the instruction as a whole we are satisfied that it contains a fair and correct statement of the law.

IX. In view of the testimony of experts tending to raise a doubt as to whether the defendant was the father of the child born to the prosecutrix, an instruction was asked for defendant to the effect that a reasonable doubt of

that fact would constitute a reasonable doubt as to the guilt of the defendant, and must result in acquittal. This instruction was not sound, and the court committed no error in refusing to give it. The paternity of the child was not a fact necessary to be established in order to convict the defendant. It is true that, in view of the testimony of the prosecutrix that she had had no intercourse with any other man than her father, a doubt as to the paternity of the child might give rise to a doubt by necessary inference as to the general truthfulness of the testimony of the prosecutrix, but such a doubt would not necessarily result in an acquittal. The jurors might believe that in this one respect the prosecutrix testified falsely, and yet in view of the corroboration as to the transactions complained of have believed beyond a reasonable doubt that it took place. The jury was so advised in an instruction of which no reasonable complaint can be made.

14. SAME: reasonable doubt: instruction.

But with reference to the evidence tending to show improbability that defendant was the father of the child there is further complaint that the court erred in an instruction relating to the weight to be given to the testimony of the physicians who testified as experts. We think the instruction was adequate, and it is not contended that it was not correct in its statements. A more elaborate instruction on the same subject was asked for the defendant, but we fail to discover any respect in which the essentials of the legal proposition as applied to the evidence in the case were not embodied in the instruction given.

X. Error is predicated on the refusal of an instruction asked as to reasonable doubt, and the giving of a instruction which was given on that subject. The objection made to the instruction given is that the jury was not directed therein that, if they entertained a reasonable doubt on any material issue in the case, it would be their duty to acquit. There was but one issue

15. SAME.

in the case, and that was whether the defendant was guilty, and the court made that fact plain by its instructions. We see no ground of complaint that can reasonably be made as to the instruction with reference to the nature of the questions which must be determined by the jury.

We find no reasonable ground for criticism of the instructions given as applicable to the evidence in this case, and see nothing in the instructions asked not sufficiently covered by those given.

Finding no error in the record, the judgment is *affirmed.*