STATE OF IOWA, appellee, v. ELUN GIRDLER, JR., appellant.

No. 49920.

(Reported in 102 N.W.2d 877)

May 3, 1960.

Carroll E. Cutting, of Decorah, for appellant.

Norman A. Erbe, Attorney General, Marion R. Neely, Assistant Attorney General, and Robert N. Johnson, Lee County Attorney, for appellee.

THOMPSON, J.—This case presents an appeal by the defendant from a conviction by a jury verdict, judgment thereon and sentence on a charge of larceny of a motor vehicle. It is one of three appeals by the same defendant from convictions on charges growing out of a prison break at the Iowa State Penitentiary at Fort Madison, on June 3, 1959. In the first case, our No. 49919, 251 Iowa 1214, 102 N.W.2d 872, he was convicted of the crime of assault with intent to commit a felony, and being a habitual criminal. The instant case is our No. 49920. The third case, No. 49988, 251 Iowa 873, 102 N.W.2d 880, represents an appeal from a conviction by plea of guilty on a charge of escape. Opinions in each appeal are filed on the same date, May 3, 1960.

The charge under consideration in the instant case was made by a true information filed by the county attorney of

Lee County. It was originally for larceny of a motor vehicle; by amendment a specification of being a habitual criminal was added. However, the habitual criminal charge was not submitted to the jury, perhaps because in the first case, No. 49919, the defendant had been found guilty of assault with intent to commit a felony and being a habitual criminal. In any event, we are not concerned with the habitual criminal phase of the charge in this case.

I. Most of the defendant's contentions in this case are identical with those made in No. 49919, and are answered in the opinion filed in that case. We shall give no further attention to them here. There are, however, two alleged errors not considered in No. 49919 which must be dealt with in this opinion.

II. It appears that after the information in the case at bar had been amended, the defendant, who had previously been charged and pleaded not guilty, withdrew his plea and filed a demurrer. The demurrer was identical with the one discussed in No. 49919, and was overruled by the trial court. Thereupon the case proceeded to trial without a further arraignment or plea by the defendant. He now contends that for this reason the court lacked jurisdiction to try him, and the proceedings are a nullity. The argument has been repeatedly answered by our decisions, and is entirely lacking in merit.

In the first place, the question was not presented to the trial court. The defendant now contends that he did raise it by objection to the testimony of the first witness called by the State, but an examination of his objection shows the fallacy of this claim. We set out the objection:

"May it please the court, at this time we wish to object to the introduction of any evidence whatsoever on the part of the prosecution, renewing all of the statements in the demurrer and again stating to this court there is not now and never has been on file in this court, a valid information on which this defendant could be arraigned, and he is not properly before this court."

This is an evident attempt to raise the same questions as in the demurrer, none of which referred to any failure of arraignment or plea.

Of course, if the question had been presented to the court,

it seems evident a plea would have been required, or one of not guilty would have been entered for the defendant by the court. The failure to require a plea was a clear oversight of the prosecuting attorney and the court, and the defendant having gone to trial without raising the question cannot now take advantage of it. The court in its instructions told the jury the defendant had entered a plea of not guilty. He had every advantage that a formal plea could have given him.

The point has been before this court many times, and has always been decided adversely to the position of the defendant here. It was discussed at some length in State v. Heft, 155 Iowa 21, 134 N.W. 950; and to the same effect is State v. Corwin, 151 Iowa 420, 422, 131 N.W. 659, 660, where it is said: "The record does not affirmatively indicate that defendant was arraigned or waived arraignment, but from the very silence of the record and his proceeding to the trial without objection, arraignment or waiver thereof is to be presumed." See also State v. Thompson, 95 Iowa 464, 64 N.W. 419; State v. Bowman, 78 Iowa 519, 520, 43 N.W. 302, 303 ("The cause appears to have been tried, in all respects, as if a plea of not guilty had been put in. The failure to have the record show affirmatively that the arraignment was made or waived, and plea put in, is a mere irregularity, not prejudicial to the defendant.") In State v. Jones, 70 Iowa 505, 507, 30 N.W. 750, 751, we said: "We have held that we will not reverse the judgment when the trial has been regularly conducted in every respect, even though the plea of 'not guilty' has not in fact been put in." In State v. Hayes, 67 Iowa 27, 24 N.W. 575, it appeared that the defendant had been put on trial before pleading to the indictment. But we held that, the case having been tried in every respect as though he had pleaded not guilty, no substantial right had been invaded and no reversible error appeared. So in State v. Greene, 66 Iowa 11, 13, 23 N.W. 154, 155, we said: "Treating the proceeding as a trial of defendant on the accusation contained in the indictment, the action of the court, in putting him upon trial without a plea having been entered, was a mere technical error or irregularity which in no manner affected any

of his substantial rights." Our cases have so clearly and uniformly held adversely to the defendant's contention at this point that it borders on the frivolous.

III. The other point requiring consideration is the sufficiency of the evidence of theft of the motor vehicle. One LeRoy Bryant, of Fort Madison, testified that on the night of June 3, 1959, his DeSoto automobile disappeared from its parking place near his garage at his home. He later recovered it from the sheriff of Monroe County, at Albia. He had given no one permission to take it. Robert Glenn, an Iowa highway patrolman, testified that on June 4, 1959, he saw this DeSoto automobile, identified by license plate number, traveling east on U. S. Highway No. 34 west of Albia. Four men were in the car. He pursued it, and it eventually stopped after turning off No. 34, going a short distance down a gravel road and behind a house. When he went around the house he saw Janes and Boerger, two of the escapees, standing behind the car. Woodson, a third, was shortly apprehended in a hedgerow. The defendant was not in sight. It soon developed another car had been stolen near by. Glenn and the sheriff of Monroe County pursued it. It appeared to be headed south, and the sheriff of Appanoose County was notified and the defendant was apprehended by him within a few minutes. The defendant told Glenn he had been driving the Bryant car, and that he had escaped when the others were caught in Monroe County by running through the hedge.

He said he was driving the car and saw he could not outrun the patrol car and so turned at the first side road.

For the defendant, Lloyd Woodson and Albert Boerger, two of his accomplices in the escape, testified that after they had broken out of the prison they told Girdler that they "had a contact for a car" and he did not know they were going to steal it. They left Girdler and Janes hiding in some woods on the outskirts of Fort Madison while they went and got the car, and he was at no time advised it was a stolen car. The defendant testified to the same facts, and denied knowledge of the theft.

We think there was a jury question as to defendant's part in the theft of the Bryant automobile. He was in posses-

sion of it to the extent that he was driving it when discovered by the highway patrolman. We have said: "The general rule is that unexplained possession of recently stolen property justifies an inference of the guilt of the possessor. State v. Sweetman, 220 Iowa 847, 263 N.W. 518; 32 Am. Jur., Larceny, section 140; 52 C. J. S., Larceny, section 151." State v. Cox, 240 Iowa 248, 253, 34 N.W.2d 616, 619. We then went on to point out that where there is evidence for the accused tending to explain his possession, the matter is for the jury under proper instructions. No complaint is made of the instructions here, and we find them sufficient. The jury was not bound to believe the testimony of defendant and his fellow conspirators. No error appears.

IV. We have gone over the record carefully in this case, and conclude that it shows no prejudicial error. The defendant had a fair trial in every respect.—Affirmed.

All JUSTICES concur except BLISS and OLIVER, JJ., not sitting.