STATE OF IOWA, appellee, v. ELUN GIRDLER, JR., appellant.

No. 49988.

(Reported in 102 N.W.2d 880)

MAY 3, 1960.

Carroll E. Cutting, of Decorah, for appellant.

Norman A. Erbe, Attorney General, Marion R. Neely, Assistant Attorney General, and Robert N. Johnson, Lee County Attorney, for appellee.

THOMPSON, J.—This is one of three cases arising out of charges filed against the defendant, arising out of a prison break at the Iowa State Penitentiary on June 3, 1959. The first charge, assault with intent to commit a felony and being a habitual criminal, was tried to a jury with verdict of guilty of the assault as charged, and with special interrogatories finding he had been twice previously convicted, sentenced and committed, for crimes as defined in Code of 1958, section 747.5. The court thereupon sentenced him to imprisonment in the penitentiary for not to exceed twenty-five years. Appeal was taken in this case, our No. 49919, and an affirming opinion is filed therein on this same date, May 3, 1960, 251 Iowa 1214, 102 N.W.2d 872.

The second case involved a charge of larceny of a motor vehicle, with trial to a jury and verdict of guilty. Sentence of not to exceed ten years was imposed. Appeal was also taken, our No. 49920, 251 Iowa 868, 102 N.W.2d 877, and an affirming opinion is filed on the same date.

The case under consideration here is our No. 49988. Upon plea of guilty and judgment thereon, the court sentenced the defendant to confinement in the penitentiary for a term of not to exceed five years. From this he appeals.

I. After arraignment and plea of not guilty, an amendment adding names of witnesses and charging the defendant with being a habitual criminal was permitted by the trial court.

The defendant thereafter withdrew his plea of guilty and filed a demurrer. This was denied by the trial court. His plea of guilty was to the crime of escape only; the added allegation of being a habitual criminal was disregarded. We assume this was for the reason that he had at that time been found guilty of assault with intent to commit a felony and being a habitual criminal, in No. 49919. In any event the habitual criminal element is not before us here except as it formed some of the grounds for the demurrer which was overruled. The demurrer was identical with that discussed in the opinion in No. 49919, and all contentions made here are answered in that case. We held adversely to the defendant there, and repeat our holding here without further comment.

II. We have again gone over the record in accordance with Code section 793.18, and find no error. The rights of the defendant were fully protected by the trial court and he had a fair trial at every stage of the proceeding. The net result for the defendant is that for a precarious liberty of less than two days he has added not to exceed forty years to his term of imprisonment. The trial court in sentencing him provided that the sentence of not to exceed ten years for larceny of a motor vehicle, our No. 49920, should commence to run at the expiration of the sentence he was serving at the time of the prison break; the sentence of not to exceed twenty-five years for assault with intent to commit a felony and being a habitual criminal, our No. 49919, should commence to run at the termination of the term for larceny of a motor vehicle; and the sentence for escape, our No. 49988, should commence at the end of all other sentences. In other words, it was the judgment of the trial court that the sentences should run consecutively rather than concurrently. The penalty is severe, but we cannot say it was excessive in view of the crimes of which the defendant was convicted. We find no error.—Affirmed.

All JUSTICES concur except BLISS and OLIVER, JJ., not sitting.